## W. L. Diamond and Oak Cliff Sewerage Company v. Ben W. Smith.

### Decided November 2, 1901.

**1.—Trespass—Pleading.**
See petition in an action of joint trespass for breaking and destroying plaintiff's sanitary sewer situated on his property occupied by himself and his tenants, and connecting with the main sewer, held to show a cause of action against both defendants, and for exemplary as well as actual damages.

**2.—Same—Joint Defendants.**
Where the last pleading filed by plaintiff set out in the caption the names of both defendants as parties, and in the body thereof charged both with a trespass, and sought a recovery against both, the fact that in the commencement the word "defendant" was used instead of the word "defendants" was immaterial, and did not warrant the contention that one of the defendants had been dismissed from the suit.

**3.—Same—Agency as a Defense.**
It is not a sufficient answer for one of the defendants to say that he acted as the agent of the other where a joint trespass is charged.

**4.—Same—Exemplary Damages—Sufficiency of Evidence.**

Evidence held sufficient to show that the action of a sewer company in breaking plaintiff's sewer connection was wrongful, willful, and oppressive, and such as warranted exemplary damages.

**5.—Same—Dedication—Sewer System.**

See evidence held insufficient to show a dedication of a sewer system to a city.

**6.—Same—Title in Third Party—Harmless Error.**

Defendants having asserted title in themselves to the sewer system, and having failed to show title, an instruction that the title was in a third party, if error, was harmless, the evidence showing that when plaintiff's residence was first connected with the sewer this was done with the consent of the party claiming to have control of the sewer, and that plaintiff's connection had been peaceful and undisturbed until it was broken by the defendants.

Appeal from Dallas. Tried below before Hon. T. F. Nash.

*Morris & Crow* and *C. F. Cohron,* for appellants.

*Wharton & Young* and *Cockrell & Gray,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This was a suit instituted by Ben W. Smith in the District Court of Dallas County against the Oak Cliff Sewerage Company and W. L. Diamond, to recover damages. The petition alleged, in substance, that in 1896 plaintiff erected his residence and home on lots 1 and 2, block 106, in Oak Cliff, Texas, which, since said date, had been occupied by himself and family as his home, and that afterward plaintiff erected three tenement houses, which are now used and occupied as such. That in 1896 plaintiff built and connected with his home a sanitary sewer, and also, as completed, connected his said tenant houses with said sewer, which was being used by plaintiff and his said tenants. That on the 5th day of October, 1900, defendants, in total disregard of plaintiff's rights, unlawfully and maliciously dug up, broke, and destroyed plaintiff's sewer, without the consent of plaintiff. That plaintiff was thereby annoyed, and the health of his family jeopardized, and that plaintiffs were influenced by a desire to injure, harass, and annoy plaintiff, and in an oppressive and arbitrary way override his rights. That plaintiff was compelled to repair his sewer at an expense of $10, for which he prays judgment as actual damages, and by reason of the oppressive, willful, and malicious conduct of the defendants, plaintiff is entitled to exemplary damages, which he places at $5000, and prays judgment.

Defendants answered by general and special exceptions, and further specially plead that there is a main sewer in the city of Oak Cliff, running from what is now known as the Oak Cliff Female College, across to and down the south side of Jefferson street to block 63 in said city; thence across said block to and down Greenwood street to the north boundary of said city, and terminating in the bottom of the Trinity River. That said sewer was constructed in 1890 by the Oak Cliff Hotel

Company for the use of said hotel and the citizens of said city; that the same was an easement and belonging to said hotel company. That in 1892 the Oak Cliff College was incorporated and became the owner, for valuable consideration, of said hotel property and the sewer connected therewith. That in 1891 the city of Oak Cliff was incorporated under the general laws of the State of Texas, and in 1894 adopted a penal ordinance (article 122) prohibiting excavations of its streets and alleys. That in 1897 the Oak Cliff Sewerage Company was incorporated, and purchased from said Oak Cliff College said line of sewer. That in July, 1899, the city of Oak Cliff granted to defendants a franchise over the streets and alleys to construct and maintain a sewerage system for the benefit of the inhabitants of said city, and fixing the rate of charges for connections therewith permitted to be charged in order to maintain and extend said sewer system, and said ordinances further providing and authorizing said sewerage company to cut off and disconnect all persons refusing to pay said rates so fixed. That the said plaintiff had connected with said sewer, in violation of said ordinances and without permit from said city or said sewerage company, and that plaintiff had had constructed an unlawful sewer, and connected the same with the defendants' main line of sewer, and willfully refused to comply with the ordinances of said city, and refused to pay the reasonable charges fixed by said city council and charged by defendant, and had been so using same since 1896, with four residences.

Defendant, Oak Cliff Sewerage Company, further plead that if they were not the true owners of said sewer main line, then the same is the property of the city of Oak Cliff, or that it has the right to control same, and that same has been in possession of defendant, by permission and franchise granted by said city, since 1897, and it pleads the statute of limitation of two years and the rights of the city since 1890. That defendant further pleads a lease to it by said city, of date April 26, 1901, when said city declared that it was necessary for said city to take charge of, regulate, and control same for sanitary purposes, and leased same to defendant for five years, with exclusive right to control the same under regulations of the city. That the charges due from plaintiff January 1, 1901, was the sum of $96, which plaintiff refuses to pay, and for which defendant prays judgment by its cross-bill and plea in reconvention, and for general relief and dissolution of the restraining order of the court, and for costs.

A trial resulted in a verdict and judgment for plaintiff against both defendants for $2.50 actual, and $25 exemplary damages. From this judgment defendants prosecuted an appeal.

*Opinion.*—1. The petition stated a good cause of action, and there was no error in overruling defendants' exceptions. The contention that W. L. Diamond had been dismissed from the suit is not tenable. The last pleading filed by the plaintiff, Smith, set out in the caption the

names of both defendants as parties defendant. The body of the pleadings charged both of the defendants with the trespass, and sought to recover against both of them. The fact that in the commencement of the petition the word "defendant" was used instead of "defendants," is immaterial. The petition clearly charges each of the defendants with a trespass, and sets forth a good cause of action against each of them. It was not a sufficient answer for one of the defendants to say that he acted as the agent of the other, where a joint trespass was charged.

2. It is contended by appellants in their fourth, fifth, sixth, seventh, and eighth assignments of error, which are grouped, that the evidence was insufficient to support a judgment for exemplary damages, and that it was error for the court to refuse to give its special charge number 3, in effect instructing the jury that they could not, under the evidence, find exemplary damages. The evidence shows that the Dallas Land and Loan Company, a private corporation, owned certain property west of the Trinity River, and adjoining the city of Dallas, upon which said company proposed to build a town. It caused the land to be platted in lots and blocks and streets, and filed said plat with the county clerk for record. Thereafter, in 1890, said company built and constructed a sewer in Jefferson and Greenwood streets, as shown by said plat, running from Park street to about Fifth street and thence to Greenwood street and down same to the Trinity River bottom. This sewer was built with the intention of making it a part of the sewer system of the city of Oak Cliff, which the city would take as a corporation. In June, 1890, the Dallas Land and Loan Company conveyed to the Oak Cliff Hotel Company four lots out of block 112 in Oak Cliff, according to the plat thereof. The Oak Cliff Hotel Company executed to J. T. Dargan, trustee, a deed of trust on the same lots to secure the Dallas Land and Loan Company in the payment of the purchase money notes. Default having been made in the payment of the notes, this trust deed was foreclosed and the property bought in by the Oak Cliff College and conveyed to said company by the trustee. In 1891 the Dallas Land and Loan Company made an assignment, and after its lebts were settled, the residue of its property was transferred to T. L. Marsalis, who authorized the people who were building that as many as wanted to might connect with the sewer.

In 1896 the plaintiff's residence was erected and connected by a four-inch sewer with the old sewer in Jefferson street. Dr. Patton, who had been given authority in 1890 to connect with the old sewer, looked after the erection of plaintiff's residence, and, acting under the authority given him in 1890, caused it to be connected with the main sewer in Jefferson street. Plaintiff moved into his residence in 1896 and has lived there since. He erected three other houses on the same lot for the purpose of renting same, and these houses are connected with the four-inch sewer extending from his residence to the main sewer.

In 1897 the Oak Cliff Sewerage Company was chartered for the pur-

pose of constructing, maintaining, and operating sewers in and along the streets and alleys of Oak Cliff, and the city council granted the sewerage company a franchise authorizing it to construct and operate sewerage pipes along and through its streets and alleys, and fixed a schedule of fees and charges which the company was permitted to charge those who connected therewith. In the same year the Oak Cliff College executed to the sewerage company a conveyance of the old sewer in Jefferson and Greenwood streets. This deed was recorded. Acting under this conveyance the sewerage company assumed the right to control the old sewer, and with it as a basis, began to extend the same with the view of constructing a sewerage system for the city. Many citizens took stock in this company for the purpose of having the sewerage system extended. The plaintiff, Smith, was solicited to take stock in the company and refused, whereupon the company made out a bill for sewerage fees and charges for two years in accordance with the rate authorized by the ordinance of the city and presented same to Smith. He refused to pay, claiming that the company did not have title to the old sewer. Thereupon, in October, 1900, the defendant Diamond, acting under instructions from the sewerage company, caused the sewer pipe connecting Smith's residence and other houses with the old sewer to be broken, thereby causing the same to be disconnected from said old sewer. This was done on Saturday in the absence of Smith. When he learned of it, he was considerably annoyed. Upon his return in the evening he caused the same to be repaired. The reasonable cost of repairing the break was from $2 to $2.50. The evidence in the record shows that defendant failed to show title to the sewer. The deed from the Oak Cliff College to the sewerage company did not convey title, and for this reason it was excluded by the court as evidence of title, but admitted upon the issue of exemplary damages. The action of the defendants in breaking plaintiff's sewer connection was wrongful. They had full knowledge of all the facts and of plaintiff's rights. The jury found, and in deference to their verdict we conclude, that the act was willful and oppressive.

3. In April, 1901, the city of Oak Cliff asserted title of the old sewer and the right to control the same, and for the purpose of securing a complete sewerage system for the city leased the same to the sewerage company for a term ending January 1, 1905. The city was to receive a portion of the net profits derived by the sewerage company from charges and fees collected by it for the use of the sewer. It is contended in the argument of the appellants that the old sewer was dedicated to the city by its owner at the time the streets were dedicated in which the sewer was constructed, and further, if this is not so, it was abandoned by the owner, and the city, by virtue of its control over the streets, had the right to take charge of the sewer and lease the same. This lease was not made until after this suit was instituted. The contention can only become important in considering the correctness of that part of the judgment perpetuating the injunction. Marsalis, who

bought the assets of the Dallas Land and Loan Company, was absent from the State from 1891 until several years afterward. The evidence is silent as to any action by him, or any one representing him, in reference to the control of the sewer during such absence. It seems to have been kept in repair by those using it. The city does not seem to have claimed title or control of the sewer until it leased the same to the sewerage company. Marsalis asserted title and control of the sewer after the conveyance by the Oak Cliff College to the sewerage company. The evidence contained in the record is insufficient to show a dedication to the city. The sewerage company did not acquire the right to control the sewer by its lease from the city.

4. The proposition presented by appellants under their eleventh, twelfth, and thirteenth assignments of errors does not arise in this case. The right of the city to control its streets and sewers is not questioned on this appeal.

5. The complaint is made in appellants' seventeenth assignment of error that the court erred in instructing the jury that the title of the sewer was in T. L. Marsalis. In view of the fact that the evidence does not show title in the sewerage company or W. L. Diamond, the charge, if error, is harmless. The evidence shows that when plaintiff's residence was first connected with the sewer it was done, with the consent of the party claiming to have control of the sewer, and that his connection had been peaceable and undisturbed up to the time it was broken by the defendants.

We have carefully examined each of the assignments of error contained in the brief of appellants and do not find any reversible error. The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.