OAK CLIFF SEWERAGE COMPANY v. T. L. MARSALIS ET AL.

Decided June 7, 1902.

**1.—Dedication—Sewer Placed in Street.**

Where an owner of land platted it into town lots and blocks, dedicating the streets and alleys thereof to the public, and afterwards put a sewer in one of such public streets, this did not constitute a dedication or donation of the sewer to public use in the absence of an intention on such owner's part to so dedicate or donate it, and upon the incorporation of the site as a city, it did not take title to the sewer.

**2.—Same—Injunction—Outstanding Title.**

In an action for an injunction to restrain interference with a sewer, the defendant could not avail itself on appeal of an outstanding title in another company where the latter was made a party to the suit and acquiesced in the judgment rendered in plaintiff's favor.

Appeal from Dallas. Tried below before Hon. Thos. F. Nash.

*Morris & Crow* and *C. F. Cohron,* for appellant.

*Wharton & Young, Cockrell & Gray,* and *Crone & Greer,* for appellees.

TEMPLETON, ASSOCIATE JUSTICE.—T. L. Marsalis brought this suit against the Oak Cliff Sewerage Company, alleging that he was the owner of a line of sewer located on Jefferson and Greenwood streets and on block 63 in the city of Oak Cliff; that said company was asserting an unfounded claim to the sewer and was interfering with his use thereof. An injunction was sought to restrain further interference. The sewerage company justified its use of the sewer under a lease from the city. It made the Dallas & Oak Cliff Electric Railway Company a party, because that company was claiming title to that part of the sewer which was located on Jefferson street. The case was tried without the intervention of a jury and Marsalis obtained the judgment he desired, and it was adjudged that the sewerage company take nothing against the railway company. The question of title between Marsalis and the railway company was not determined. The sewerage company has appealed.

*Conclusions of Fact.*—In 1887 the Dallas Land and Loan Company owned the site of the present city of Oak Cliff. It had the same surveyed and platted into lots and blocks, streets and alleys, and dedicated the streets and alleys to public use. Before the deed of dedication was executed, it conveyed Jefferson street to the railway company. In 1890 it put in the sewer without objection from any source. The city was incorporated in 1891. In 1892 Marsalis acquired title to all the property of the land company. It was never the intention of the land company or of Marsalis to donate the sewer to public use, though they permitted connections to be made with the sewer without charge, except in one or two instances. In 1897 the sewerage company was organized

and began making connections with the sewer. In 1900 it interfered with one of the licensees of Marsalis and was successfully enjoined. Diamond v. Smith, 66 S. W. Rep., 141. In 1901 it leased the sewer from the city. The evidence is not sufficient to show that either the city or the sewerage company has ever acquired any right or title to the sewer by limitation.

*Conclusions of Law.*—1. Marsalis made out a prima facie case entitling him to recover by showing that the sewer was put in by the land company and that he had acquired the title held by it.

2. The laying of the sewer in the public streets did not make the same public property, and the city did not, upon its incorporation, take title thereto.

3. The sewer was not dedicated or donated to public use by reason of its having been placed in the public streets, in the absence of an intention on the part of the owner to so dedicate or donate the same.

4. The right of Marsalis to operate the sewer or of the city to control or prevent the operation thereof, is not involved and is not decided.

5. It is unnecessary to determine the question of title between Marsalis and the railway company. They are not asking for this to be done, and neither of said parties is complaining of the judgment. The sewerage company is not entitled to have the question decided. As the railway company is a party to the suit and acquiescing in the judgment, the defense of outstanding title is not available to the sewerage company.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.