Ira Weldon COX, Mary Cox, Ernest Lamar Gregg, Nellie Gregg, Lois K. Lockridge, Individually and as Personal Representative of the Estate of Joe W. Lockridge, Deceased, and Lois G. McLain, Individually and as Personal Representative of the Estate of Billy B. McLain, Deceased, Appellants,

v.

UNION OIL CO. OF CALIFORNIA, Union Chemical Co., and Shell Oil Co., Appellees.

No. 09–94–324 CV.

Court of Appeals of Texas, Beaumont.

March 14, 1996.

Matthew R. Willis, Herschel L. Hobson, Law Offices of Herschel L. Hobson, Beaumont, for appellants.

David A. Oliver, Richard L. Scheer, Strong, Pipkin, Nelson & Bissell, Beaumont, for appellees.

Before WALKER, C.J., and STOVER and NYE [1], JJ.

## OPINION

NYE, Justice (Assigned).

Ira Weldon Cox, Mary Cox, Ernest Lamar Gregg, Nellie Gregg, Lois K. Lockridge (Individually and as personal representative of the Estate of Joe W. Lockridge), and Lois G. McLain (Individually and as personal representative of the Estate of Billy B. McLain) ("Appellants") were plaintiffs in a personal injury suit filed in 1990 against Union Oil Company of California, Union Chemical Company, and Shell Oil Company. Appellants filed "Plaintiffs' First Amended Petition" on August 18, 1993. The preamble of the "First Amended Petition" complained of Goodyear Tire & Rubber Company and requested a bill of discovery against Goodyear. Paragraph I of this pleading stated "[t]he Defendants, Union Oil Company of California, Union Chemical Company (a/k/a UNOCAL Chemical Co.,) and Shell Oil Company, have been served and are currently before the Court. Plaintiffs are further complaining of Goodyear Tire & Rubber Company...." Paragraph II alleged that some of the defendants' products were defective, and "[t]he purpose of this amendment is to determine the facts surrounding the involvement" of Goodyear with the defendants. The petition also stated that "[p]laintiffs' amendment is for the purpose of an Equitable Bill of Discovery, pursuant to Rule 737 of the Texas Rules of Civil Procedure, to determine what transpired while the Plaintiffs' (sic) and their decedent's (sic) were employed at the Goodyear Tire & Rubber Company in Gadsden, Alabama. This amendment is for discovery purposes only."

Thirteen months later, on September 2, 1994, defendants-appellees filed a suggestion to the trial court that the omission of their names from the preamble of the first amended petition operated to non-suit defendants-appellees. The trial judge conducted a hearing, after which he dismissed these appellees from this suit. The court later dismissed the bill of discovery. This appeal ensued. The first of three points of error avers the trial court erred in dismissing appellants' case upon defendants'-appellees' suggestion of non-suit because appellees were named as defendants in the case and accused in the live pleadings.

Courts have continuously held that in the absence of any special exceptions, a petition shall be construed liberally in the favor of the pleader. *See Sample v. Freeman*, 873 S.W.2d 470, 474 (Tex.App.—Beaumont 1994, writ denied); *Roark v. Allen*, 633 S.W.2d 804,

---

1. The Honorable Paul W. Nye, sitting by assignment pursuant to Tex.Gov't Code Ann. § 74.003(b) (Vernon 1988).

809 (Tex.1982); *Cartwright v. MBank Corpus Christi, N.A.,* 865 S.W.2d 546, 551 (Tex. App.—Corpus Christi 1993, writ denied); *Boyles v. Kerr,* 855 S.W.2d 593, 601 (Tex. 1993). Additionally, the Texas Rules of Civil Procedure state that "[a]ll pleadings shall be construed so as to do substantial justice." *See* TEX.R.CIV.P. 45. The rules of pleading in this state do not require any particular form. The petition shall state the names of the parties and their residences. TEX. R.CIV.P. 79. The petition shall contain "a short statement of the cause of action sufficient to give fair notice of the claim involved." TEX.R.CIV.P. 47. All averments of a claim shall be made in numbered paragraphs as required by Rule 50.

■ For a non-appearing entity to become a party to a lawsuit, it must be named as a defendant in the plaintiff's pleadings. *Reynolds v. Haws,* 741 S.W.2d 582, 588–589 (Tex.App.—Fort Worth 1987, writ denied). A form has developed from long custom and usage, but cases of some antiquity established that a pleading may take on any form that gives a party fair notice of the litigation. The petition as a whole must be considered in determining who is being sued. *Hunt v. Employers Reinsurance Corp.,* 219 S.W.2d 483, 485 (Tex.Civ.App.—Fort Worth 1949, writ ref'd n.r.e.). *Clark v. Haney,* 62 Tex. 511 (1884), held the name on the petition, "V.I. Clark v. N.B. Haney," was a sufficient indication of who the parties were, and their relative posture in the litigation, where the body of the petition stated the allegations were made by "the plaintiff." *Hall v. Johnson,* 40 S.W. 46 (Tex.Civ.App.1987, no writ), held pleadings sufficiently designated the plaintiff and defendant, although the defendant's name appeared only in the style of the case. *Diamond v. Smith,* 27 Tex.Civ.App. 558, 66 S.W. 141, 143 (1901, writ ref'd), held that use of the word "defendant" in the commencement was immaterial where the caption set out the names of two defendants and the body of the petition charged both parties with trespass. The court in *Ray v. Fowler,* 144 S.W.2d 665 (Tex.Civ.App.—El Paso 1940, writ dism'd judgm't cor.), held the party's identity may be ascertained from the body of the petition; although the style and the preamble did not identify the plaintiffs by name, each name was set forth in the body of the petition.

■ Appellants contend that the court erred in dismissing their suit because appellees were actually named as defendants in the first amended petition. Appellees cite this Court's decision in *Chamberlain v. McReight,* 713 S.W.2d 372 (Tex.App.—Beaumont 1986, writ ref'd n.r.e.), for the proposition that the omission of their names from the initial portion of the pleading operated as a dismissal from the suit. The original petition in that suit named as defendant McReight doing business as Cabot Oil Company. Chamberlain's amended pleading did not name McReight as a defendant, but it did say "John McCreight (sic) is an individual residing in Jefferson County, Texas and has already been served." No mention was made of McReight in the body of the pleadings, which made no allegations against him. This Court held that the amended petition effectively dismissed McReight from the suit. *Id.* at 374 (citing *Webb v. Jorns,* 488 S.W.2d 407, 409 (Tex.1972).

*Chamberlain v. McReight* has been followed in several cases. Each case is distinguishable from the present case. For instance, in *Johnson v. Coca–Cola Co.,* 727 S.W.2d 756 (Tex.App.—Dallas 1987, writ ref'd n.r.e.), the plaintiff amended his petition to completely remove the Coca–Cola Company as a defendant, substituting in its stead an independent corporation with a similar name. The Dallas court rejected the appellant's misnomer argument and held the Coca–Cola Company had been non-suited by the amendment. In *Radelow–Gittens Real Property Management v. Pamex Foods,* 735 S.W.2d 558 (Tex.App.—Dallas 1987, writ ref'd n.r.e.), the plaintiff retained the original style following an interlocutory summary judgment in favor of Pamex, but omitted any mention of Pamex in the body of a series of amended petitions. The Dallas court held the appellant had abandoned its claims against Pamex. In *Hanmore Development Corp. v. JBK Enterprises,* 776 S.W.2d 738 (Tex.App.—Corpus Christi 1989, writ denied), the omitted defendant was "mentioned" in the bodies of the complaints, but was omitted from the case

style and the complaint paragraph of each amended petition. The issue rising from the omission of Hanmore from the amended petition was dicta, as the Corpus Christi court held the applicable statute of limitations barred the suit against Hanmore under the original petition.

These cases share a deficiency with our own, in that the commencement in each suit omitted the name of the defendant. However, when the bodies of the petitions are examined carefully, a clear distinction exists. The body of the amended petition in *Chamberlain v. McReight* refers only to "defendant" in the singular and makes no specific allegations against Mr. McReight individually. In our case, the "Defendants" are repeatedly referred to not only in the plural but *are specifically named*.[2] The paragraph identifying the parties says appellees "are currently before the Court" and goes on to state appellant is *"further* complaining of" Goodyear. Paragraph I states that "The Defendants, Union Oil Company of California, Union Chemical Company (a/k/a UNOCAL Chemical Co.) and Shell Oil Company, have been served and *are currently before the Court*.[2] The next paragraph alleges appellants and their decedents worked in close proximity to toxic substances supplied or manufactured by Union Oil Co. of California, Union Chemical Co. and Shell Oil Co., that the products were defective and unreasonably dangerous, and were a producing and proximate cause of injuries suffered by appellants.

*Chamberlain v. McReight; Johnson v. Coca–Cola Co.; Radelow–Gittens v. Pamex Foods;* and *Hanmore Development Co. v. JBK Enterprises* all resulted from the substitution of one defendant for another. The amended pleadings in this case continued to allege a commission of torts by Union Oil Co., Union Chemical Co. and Shell Oil Co., independent of the additional pleadings directed towards Goodyear.

█ We hold that omission of a party's name from the preamble does not so deprive a party of fair notice as to constitute an automatic non-suit or dismissal; the entire pleadings are construed liberally in favor of the pleader. A liberal construction of the pleadings requires that we not revert back to the super-technical days of the general demurrer but allows us to construe pleadings in such a way to support the interest of justice. Chamberlain's petition would not fairly place McReight on notice that Chamberlain sought to recover against him as well as against his company. The allegations against the Coca–Cola Company were dropped and an independent entity was named as the culpable party. All allegations against Pamex were deleted. Hanmore was "mentioned" in the body but the Court does not say that any allegations of wrongdoing were repeated in the amended petition. In contrast to all of these cases, appellants' petition in this case clearly expresses an intention to *add* a party to the defendants already before the court, and *repeats* the allegations against all the named defendants; to find otherwise is to stop reading the petition at the end of the first paragraph. This is not the intent of the McReight line of cases.

Appellants obviously intended to file a Rule 737 bill of discovery proceeding ancillary to the pending lawsuit against appellees. Instead of initiating a new suit, they improperly filed the bill of discovery in the primary proceeding. The amended petition in this case identified the plaintiffs and the capacities in which they sued, named appellees and identified them as parties defendant, and stated allegations which stated a cause of action against the appellees. Appellees did not specifically except to the petition but instead continued an active role in the lawsuit by taking part in discovery and scheduling orders. This continued participation by defendants-appellees continued for more than one year and only after the statute of limitations ran, did appellees file a suggestion of non-suit with the court. Appellees aspired to escape the litigation in its entirety by relying upon the super-technical theory of suggesting a non-suit to relieve them of any possible claims. We believe that substance of the pleading is controlling in this case. Our Texas Supreme Court has historically rejected matter of form as controlling in favor of the function of the pleading or order

---

2. emphasis supplied.

as determinative of its classification. Compare the recent 13th Court of Appeals opinion in *De Los Santos v. Occidental Chemical Corporation,* No. 13–95–321–CV, slip op. at 4 note 1, —— S.W.2d ——, —— note 1[, 1996 WL 87113] (Tex.App.—Corpus Christi, February 29, 1996, n.w.h.):

> ... Accordingly, the Texas Supreme Court has rejected matters of form as controlling the nature of an order or judgment, in favor of an examination of the character and function of such an order as determining its classification. *Del Valle Independent School Dist. v. Lopez,* 845 S.W.2d 808, 809 (Tex.1992) (whether an order grants injunctive relief and is appealable as such). For example, when the substance of a decree amounts to a final judgment, incidental language labeling portions thereof temporary is not controlling. *Brines v. McIlhaney,* 596 S.W.2d 519, 524 (Tex.1980).

Neither may the trial court in the present case support or defeat an interlocutory appeal merely by the label it attaches to its interlocutory order. Rather, it is the substance of the order that determines whether it is appealable.

We sustain point of error one. The amended petition did not omit appellees, thus the trial court abused its discretion in dismissing the suit upon suggestion of non-suit. Although the remaining points of error may have some merit, it is not necessary to consider them in order to reverse this case for trial. We reverse the judgment and remand the cause to the trial court.

REVERSED AND REMANDED.