# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00664-CV

**Ron Chitsey and Henry E. Chitsey, Appellants**

**v.**

**Steven D. Carter; Rosalie Easley Carter; and Shay Voigt, Appellees**

**FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
NO. 230,243, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING**

Appellants Ron Chitsey and Henry E. Chitsey ("the Chitseys" or "appellants") sued appellees Steven D. Carter ("Carter") and Rosalie Easley Carter ("Easley")[1] on four defaulted real estate lien notes securing two condominiums. Appellees countersued, alleging unjust enrichment and offset. Appellees prevailed on two of the notes in a partial summary judgment. The trial court rendered summary judgment in favor of the Chitseys on a third note. The fourth note was the subject matter of a bench trial. Following the trial, the court rendered judgment that the Chitseys take nothing on their claims enforcing the fourth note. The court also found in favor of appellees on their claims of offset and unjust enrichment and that the Chitseys' damages on the third note were satisfied by the offsets and unjust enrichment credited to the appellees. By seven points of error, the Chitseys appeal the trial court's judgment. We will affirm the judgment.

---

[1] Appellee Shay Voigt ("Voigt") intervened as owner of the two units secured by the notes. For convenience, we will refer to Voigt, Carter, and Easley collectively as "appellees" unless our discussion requires us to distinguish them.

## BACKGROUND

The Chitseys are the holders of four real estate lien notes secured by deeds of trust for two condominium units ("Unit 207" and "Unit 208"),[2] all of which were executed by Carter and Easley. Carter and Easley defaulted in the payment of all four notes. The Chitseys subsequently sued Carter and Easley; however, the trial court ruled that both of the notes securing Unit 207 were barred from enforcement by limitations. Accordingly, the trial court rendered summary judgment in favor of Carter and Easley on those two notes, the claims were severed, and the judgment was made final. The Chitseys do not appeal the judgment on those two notes. The trial court also considered a summary judgment motion on the $11,500 Unit 208 Note and ruled in favor of the Chitseys, awarding them $21,395.20 in damages. This judgment was not severed.

At trial, the court considered evidence regarding the modified $35,000 Unit 208 Note and on the appellees' counterclaims of unjust enrichment and offset. The court found that the Chitseys failed to present evidence of default, duration of default, acceleration, or damages on the modified $35,000 Unit 208 Note. Therefore, the court ruled that the Chitseys were entitled to recover only on the $11,500 Unit 208 Note and rendered judgment that they take nothing on the modified $35,000 Unit 208 Note.

---

[2] We will refer to the notes as follows:

   (1) the "$35,000 Unit 207 Note";
   (2) the "$11,500 Unit 207 Note";
   (3) the "modified $35,000 Unit 208 Note"; and
   (4) the "$11,500 Unit 208 Note."

The modification to the $35,000 Unit 208 Note released Easley from liability.

2

With regard to their counterclaim, appellees presented evidence that the Chitseys enjoyed exclusive use and possession of Units 207 and 208 for an eight-year period from 1992 through 2000 and that they had derived rental proceeds from the units. The Chitseys judicially admitted to their exclusive use and possession of the units and to rental proceeds and requested that the trial court offset any amount owed by Carter and Easley by the amount of the rental proceeds. Appellees presented evidence of fair market rental values for the relevant eight-year period and documentation reflecting the proceeds received by the Chitseys from 1994 through 1999. The Chitseys provided no controverting evidence.

The trial court rendered judgment for the appellees on their claims of unjust enrichment. In addition, Carter and Easley were awarded judgment for offset. The judgment in favor of the Chitseys on the $11,500 Unit 208 Note was offset in full by the judgment in favor of the appellees. The Chitseys moved for a new trial, which the trial court denied. They also requested findings of fact and conclusions of law, which the trial court filed.

## DISCUSSION

By their first and seventh points of error, the Chitseys argue that the trial court erred in failing to render judgment in their favor on the modified $35,000 Unit 208 Note. Essentially, the Chitseys argue that they conclusively established their claim for damages on the modified $35,000 Unit 208 Note. The Chitseys attempt to overcome, as a matter of law, an adverse finding on an issue for which they had the burden of proof. We will sustain the Chitseys' legal sufficiency point only if (1) there is no evidence to support the finding, and (2) the Chitseys' contrary proposition is established as a matter of law, considering the entire record. A party establishes a proposition as a

matter of law if reasonable minds would not differ in drawing the same conclusion. *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989); *Stable Energy, L.P. v. Kachina Oil & Gas, Inc.*, 52 S.W.3d 327, 331 (Tex. App.—Austin 2001, no pet.).

The trial court's findings of fact reflect that "[n]o evidence was presented as to date(s) of default; duration of default; note acceleration; or damages." The Chitseys argue, however, that their claim was for liquidated damages, and that the damages could be accurately calculated based on their petition and the instrument in writing. We disagree.

A liquidated claim is a demand for an amount that can be accurately calculated by the court, or under its direction, from the factual allegations contained in the party's pleadings and the instrument in writing. *Freeman v. Leasing Assocs.*, 503 S.W.2d 406, 408 (Tex. Civ. App.—Houston [14th Dist.] 1973, no writ). A trial court may assess damages without the presentation of evidence when considering a claim for liquidated damages. *Hall v. C-F Employees Credit Union*, 536 S.W.2d 266, 268 (Tex. Civ. App.—Texarkana 1976, no writ). However, even a claim that "objectively appears to be liquidated may be classified as unliquidated when the petition fails to allege specific facts with regard to the written instrument as to the amounts paid, or the due dates, or the dates of default" to enable the court to make an accurate calculation of amount of principal and interest due on the notes. *Id.; accord Irlbeck v. John Deere Co.*, 714 S.W.2d 54, 57 (Tex. App.—Amarillo 1986, writ ref'd n.r.e.).

In this case, the Chitseys alleged in their petition that Carter had been in default on the modified $35,000 Unit 208 Note "since at least October 10, 1992" and claimed the total amount of unpaid principal and interest due is $45,417.46. Assuming these facts are sufficient to characterize

4

the note as a liquidated claim and are not merely conclusory, this characterization is defeated by the Chitseys' prayer for relief, in which they request that they be allowed to apply rents and revenues from Units 207 and 208 to the outstanding indebtedness owed by Carter and Easley. Nowhere in the petition do the Chitseys allege specific factual allegations permitting the court to determine the amounts of rents and revenues that should be offset against the Chitseys' claim. Thus, their claim is an unliquidated one, and the Chitseys were required to present evidence of damages.

The Chitseys have failed to direct this Court to evidence of damages in the record. *See* Tex. R. App. P. 38.1(h). Instead, they argue that appellees waived their right to notice of acceleration, that this is demonstrated through their own judicial admissions, and that they failed to assert lack of notice of acceleration as an affirmative defense. Therefore, according to the Chitseys, they were entitled to the full amount of the modified $35,000 Unit 208 Note plus interest.

First, the Chitseys provide no support for their assertion that lack of notice of acceleration is an affirmative defense. An affirmative defense is one that would defeat a plaintiff's claim even if all allegations in the complaint are true; the defense accepts the existence of a prima facie case for purposes of analyzing the plea. *See* BLACK'S LAW DICTIONARY 430 (7th ed. 1999); *see also Cooper v. Scott Irrigation Constr., Inc.*, 838 S.W.2d 743, 747 (Tex. App.—El Paso 1992, no writ) (Koehler, J., dissenting) (affirmative defense accepts existence of prima facie case); *Bracton Corp. v. Evans Constr. Co.*, 784 S.W.2d 708, 710 (Tex. App.—Houston [14th Dist.] 1990, no writ) (affirmative defense denies plaintiff's right to judgment even if plaintiff establishes every allegation); *W.R. Grace Co. v. Scotch Corp.*, 753 S.W.2d 743, 746 (Tex. App.—Austin 1988, writ denied) (limitations plea does not rebut factual propositions). By asserting that they failed to receive notice of acceleration, the appellees have not conceded that the Chitseys established a prima facie

5

case. To the contrary, notice of acceleration is required because according to the face of the note, it does not mature until September 10, 2010, and the Chitseys are not entitled to the full amount of the note unless the note has been accelerated. Thus, in order to prove the damages they requested, the Chitseys must establish that the note was properly accelerated.

The Chitseys respond that notice of acceleration was waived by the provisions of the note. However, the modified $35,000 Unit 208 Note does not support the Chitseys' assertion. It provides:

> 4. If any installment of the above indebtedness is not paid at the time and place specified, the entire amount of unpaid principal and interest, less all payments applied to the indebtedness shall be accelerated and shall be due and payable at the election of the holder hereof. All parties to said indebtedness . . . do hereby waive presentment for payment, demand, notice of non-payment, notice of protest and protest . . . .

This provision does not clearly and unequivocally waive the right to notice of intent to accelerate or notice of acceleration.[3] *See Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 894 (Tex. 1991). Absent waiver, the Chitseys were required to provide Easley and Carter notice of their intent to accelerate and notice of acceleration before the note could mature. *Ogden v. Gibralter Savs. Ass'n*, 640 S.W.2d 232, 233-34 (Tex. 1982). There is no evidence in the record that the Chitseys provided either of the required notices. The Chitseys' first and seventh points are overruled, as the trial court was provided with no evidence of acceleration or of damages.

---

[3] The original $35,000 Unit 208 Note and the deed of trust securing the note included a waiver of notice of intent to accelerate, but did not waive notice of acceleration. However, the modified $35,000 Unit 208 Note does not include a waiver of either notice of intent to accelerate or of notice of acceleration. The modification agreement purported to modify both the original note and the deed of trust: "[T]he Note [and] Deed of Trust are hereby modified . . . ."

By their second point, the Chitseys argue that the trial court erred in denying their motion for new trial following the trial court's finding that the modified $35,000 Unit 208 Note was in default.[4] The Chitseys argue that by rendering judgment that the modified note was in default, the trial court was obligated to award them the face amount of the note plus interest as damages.

A trial court enjoys broad discretion in considering a motion for new trial. *Jackson v. Van Winkle*, 660 S.W.2d 807, 809 (Tex. 1983). We will not disturb the court's decision absent an abuse of discretion. *Id.* Although the court determined that the modified $35,000 Unit 208 Note was in default, it did not rule that the Chitseys' claim for damages on the note was a liquidated claim. Thus, the Chitseys were nevertheless required to present evidence of damages, which according to the trial court's findings of fact and this Court's review of the record, the Chitseys failed to do. Therefore, we overrule their second point.

Third, the Chitseys complain of the trial court's granting judgment in favor of appellees on their counterclaim against both Ron and Henry Chitsey. According to the Chitseys, because the style of appellees' counterclaim did not specifically include Henry Chitsey's name, he should have been dismissed from the counterclaim.

Absent any special exceptions, we construe pleadings liberally in favor of the pleader. *Cox v. Union Oil Co.*, 917 S.W.2d 524, 525 (Tex. App.—Beaumont 1996, no writ). In addition, rule 45 of the Texas Rules of Civil Procedure provides: "All pleadings shall be construed so as to do

---

[4] The Chitseys argue that the trial court found the modified $35,000 Unit 208 Note was "valid." In the reporter's record, the trial court does indeed proclaim that the note is "valid," but that it is offset in full by the appellees' counterclaims. The findings of fact, however, do not include a recitation declaring the note to be "valid." Rather, they state that the note is in default. The trial court's comments are not evidence. Thus, we will refer to the trial court's findings of fact in addressing the Chitseys' point of error.

substantial justice." Tex. R. Civ. P. 45. A pleading sufficiently identifies the parties if taken as a whole, it sets forth their names anywhere in the pleading. *Cox*, 917 S.W.2d at 526. In this case, appellees referred to the plaintiffs in the caption of their second amended answer and counterclaim as "Ron Chitsey et al." The first paragraph of the pleading lists Ron and Henry Chitsey as the plaintiffs. The Chitseys did not specially except to the appellees' pleadings in the trial court. Liberally construing the pleadings in favor of the appellees, as we must, we hold that the trial court did not err in refusing to dismiss Henry Chitsey from the appellees' counterclaim, and the Chitseys' third point is overruled.

By their fourth point, the Chitseys maintain that the trial court erred in granting judgment in favor of Carter on his counterclaim of unjust enrichment. Specifically, the Chitseys argue that the summary judgment rendered in favor of the appellees declaring the two Unit 207 Notes barred by limitations also resolved any claims of unjust enrichment with regard to rental income from Unit 207, and therefore the unjust enrichment claim, as it relates to Unit 207, was barred by res judicata.

We first note that the Chitseys failed to assert res judicata before the trial court. Nevertheless, assuming without deciding that error was preserved, our review of the record reveals that the counterclaim for unjust enrichment was not addressed by the summary judgment. The summary judgment disposed of the issue of the enforceability of the two notes secured by Unit 207. The trial court declared both notes unenforceable because they were barred by limitations. That judgment was then severed and separately docketed. Although the judgment included a Mother Hubbard clause, it only disposed of the claims and parties addressed by the summary judgment motion. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001) ("An order that

8

adjudicates only the plaintiff's claims against the defendant does not adjudicate a counter-claim . . .”). The appellees' counterclaim for unjust enrichment was not an issue raised by the summary judgment motion. Thus, it remained unlitigated until the trial court's final judgment, and was not barred by res judicata. Any defenses the Chitseys may have had regarding the appellees' claim for unjust enrichment should have been asserted during the trial. Their fourth point is overruled.

By their next two points, the Chitseys argue that certain of the trial court's findings of fact were contradictory, its conclusions of law were incorrect, and insufficient evidence exists to support the judgment in favor of the appellees for the counterclaim of unjust enrichment. We attach to the court's findings of fact the same weight that we attach to a jury's verdict upon jury questions. *Lawyers Sur. Corp. v. Larson*, 869 S.W.2d 649, 653 (Tex. App.—Austin 1994, writ denied). When reviewing a finding for factual sufficiency, we must consider and weigh all the evidence and should set aside the judgment only if the evidence supporting the finding is so weak or the finding is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965). We will not substitute our judgment for that of the trier of fact merely because we reach a different conclusion. *Westech Eng'g, Inc. v. Clearwater Constructors, Inc.*, 835 S.W.2d 190, 196 (Tex. App.—Austin 1992, no writ).

The challenged findings of fact provide:

(15) The preponderance of the evidence showed that the Plaintiff, Henry E. Chitsey, has used, occupied and collected rents and revenues from Unit 208, Bldg. B., Red River North Condominiums, Travis County, Texas to the exclusion of the former owners, Defendants, from 1992 through 1996, and to the exclusion of the present owner, Intervenor, from 1996 to the date of trial.

9

(18) The preponderance of the evidence showed that the Plaintiff, Henry E. Chitsey, used, occupied, collected rents and revenues, [from] Unit 207, Bldg. B., Red River North Condominiums, Travis Co., Texas to the exclusion of the former owners, Defendants, from 1992 through 1996.

The Chitseys argue that the above findings of fact contradict the trial court's earlier finding of no evidence of dates of default or of duration of default because according to the terms of the deed of trust securing the modified $35,000 Unit 208 Note, rental income may be used to offset payment of the note only if the debtor defaults on the note.[5] According to the Chitseys, by allowing appellees to offset payment of the note, the trial court implicitly found that the appellees had defaulted on the note in 1992 and the duration of default was from 1992 through 1996.

We reject this argument. First, the Chitseys did not present this argument to the trial court. Even if the Chitseys had presented evidence that the duration of default was from 1992 through 1996, they failed to present evidence of acceleration of the note and of damages. Without this evidence, the Chitseys cannot prevail on their claim to enforce the modified $35,000 Unit 208 Note.

The Chitseys also argue that the trial court's conclusions of law regarding the amount of offset were incorrect because there was no evidence to support them. A trial court's findings of fact are reviewable for legal sufficiency of the evidence by the same standard that is applied in reviewing the legal sufficiency of the evidence to support a jury verdict. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). We look at only the evidence that tends to support the

---

[5] The relevant provision of the deed of trust provides: "If Grantor defaults on the note or fails to perform any of Grantor's obligations, Beneficiary may: . . . a. collect rents if the property is rented or rent it and collect rents if it is vacant and apply the proceeds, less reasonable expenses, to the payment of the note."

10

judgment and disregard all evidence and inferences to the contrary. *Id.* at 795. We must affirm if any probative evidence in support of the trial court's judgment exists. *Id.*

Here, the court concluded that the fair market rental value for Unit 207 for the period of 1992 through 1996 was $21,400, and the fair market rental value for Unit 208 for the period of 1992 through the date of trial was $37,375. The Chitseys argue that appellees produced no evidence that these amounts reflect the actual rental proceeds derived from the units.[6]

In their seconded amended petition, the Chitseys admitted that they "had the sole, exclusive use, possession, management, and control of units 207 and 208 from December 1, 1992 until the present time," and that they had "leased these premises." They further requested rendition of judgment "permitting [the Chitseys] to apply rents and revenues from Units 207 and 208 to the outstanding indebtedness owed by [appellees]." The Chitseys, however, failed to produce any evidence of the rental proceeds they collected or of any amounts they applied toward payment of the notes.

On the other hand, appellees produced lease agreements reflecting the Chitseys' lease of Unit 208 and the rent charged from 1994 through 1999. Moreover, appellees produced an expert witness, Karen Coffee, who testified as to the fair market rental value for Units 207 and 208 from

---

[6] The Chitseys also argue that any offset awarded to appellees should have been limited to rent collected by the Chitseys, as opposed to fair market rental value, according to the express terms of the deeds of trust. However, the trial court's conclusions of law reflect that the appellees prevailed on their unjust enrichment counterclaim. "An action for unjust enrichment is based upon the equitable principle that a person receiving benefits which were unjust for him to retain ought to make restitution." *Bransom v. Standard Hardware, Inc.*, 874 S.W.2d 919, 927 (Tex. App.—Fort Worth 1994, writ denied). In this case, the trial court's judgment is supported by the theory of unjust enrichment, as an independent theory of recovery, and does not depend upon the express terms of the deeds of trust. *See id.*

1989 through 2000. The Chitseys did not provide any controverting evidence. Thus, the evidence presented was legally sufficient to support the trial court's findings and conclusions regarding the amount of offset and unjust enrichment awarded to the appellees. We overrule the Chitseys' fifth and sixth points of error.

## CONCLUSION

Having overruled all of the Chitseys' points of error, we affirm the judgment of the trial court.

—————————————————————

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: November 1, 2001

Do Not Publish