**Opinion issued July 2, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00454-CV

———————————

## SANNA LEIGH-PEARCE, INDIVIDUALLY AND D/B/A/ LEASEBARN.COM, APPELLANT

## V.

## MAGNETIKS SEARCH MARKETING, LLC, APPELLEE

**On Appeal from County Court at Law No. 2**
**Montgomery County, Texas**
**Trial Court Cause No. 11-04-04423**

## MEMORANDUM OPINION

Magnetiks Search Marketing, LLC, sued Sanna Leigh-Pearce, individually and d/b/a Leasebarn.com, for breach of contract. After a bench trial, the trial court found that Pearce breached the contract and awarded Magnetiks $3,336.95 in

damages. On appeal, Pearce challenges the legal and factual sufficiency of the evidence to support the trial court's findings that (1) Magnetiks performed under the contract; (2) Pearce breached the contract; and (3) Magnetiks suffered $3,336.95 in damages. She further contends that the trial court abused its discretion in refusing to consider her counterclaims. Magnetiks declined to file an appellee's brief. We hold that the evidence is legally and factually sufficient to support the trial court's breach of contract findings, but the trial court erred in refusing to consider Pearce's counterclaims and to allow Pearce to adduce evidence to support them. We therefore reverse and remand.

## Background

In August 2010, Magnetiks consulted with Pearce to design a website for her business for $28,156.25. Pearce paid Magnetiks $14,078.13 as a deposit. Pearce named the business Leasebarn.com, and she envisioned a website on which users could rent or buy items from each other.

Magnetiks and Pearce worked together to build the website. Pearce's ideas about the website evolved over the course of the project. Her proposals ranged from a listing service to a social network. Magnetiks provided Pearce with a mock-up design of the website. Pearce did not like the design, and she told Magnetiks to discontinue its work on the website. Pearce decided to resume working with Magnetiks on the project after Magnetiks assigned another designer to build the

website. After further consultations, Magnetiks sent Pearce a final mock-up of the website, asking her to point out any problems before Magnetiks put the website online. After reviewing the mock-up, Pearce told Magnetiks to discontinue work on the site, complaining that the website was incomplete. In January 2011, Pearce terminated the contract pursuant to its terms. She refused to pay Magnetiks the remaining balance owed under the contract.

Magnetiks sued Pearce for breach of contract. Pearce filed counterclaims for breach of contract, fraud, and violations of the DTPA. In the supplemental pleading containing the counterclaims, Pearce attempted to substitute Leasebarn, LLC, a limited liability company she had formed after Magnetiks began working on the website, as the plaintiff. During trial, when Pearce attempted to introduce evidence to support her counterclaims, the trial court ruled that the counterclaims were filed by Leasebarn, LLC as an intervenor and not Pearce. The trial court refused to permit Pearce to introduce evidence to support the counterclaims, and it denied Pearce's subsequent motion to amend the pleadings to clarify that Pearce was asserting the counterclaims.

**Discussion**

**I.     Legal and Factual Sufficiency**

*Standard of Review*

We review the sufficiency of the evidence supporting a trial court's challenged findings of fact by applying the same standards that we use in reviewing the legal or factual sufficiency of the evidence supporting jury findings. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). When the appellate record includes the reporter's record, the trial court's factual findings, whether express or implied, are not conclusive and may be challenged for legal and factual sufficiency of the evidence supporting them. *See Middleton v. Kawasaki Steel Corp.*, 687 S.W.2d 42, 44 (Tex. App.—Houston [14th Dist.] 1985), *writ ref'd n.r.e.*, 699 S.W.2d 199 (Tex. 1985) (per curiam).

In a bench trial, the trial court determines the credibility of the witnesses and the weight to be given their testimony. *Woods v. Woods*, 193 S.W.3d 720, 726 (Tex. App.—Beaumont 2006, pet. denied); *see also City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005). In resolving factual disputes, the trial court may believe one witness and disbelieve others, and it may resolve any inconsistencies in a witness's testimony. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986). In making credibility determinations, the fact-finder "cannot ignore undisputed testimony that is clear, positive, direct, otherwise credible, free from contradictions

and inconsistencies, and could have been readily controverted." *City of Keller*, 168 S.W.3d at 820. The fact-finder thus is not "free to believe testimony that is conclusively negated by undisputed facts." *Id.*

An appellant may not challenge a trial court's conclusions of law for factual sufficiency, but we may review the legal conclusions drawn from the facts to determine their correctness. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). In an appeal from a bench trial, we review de novo a trial court's conclusions of law, and will uphold them on appeal if the judgment can be sustained on any legal theory supported by the evidence. *Id.* at 795; *In re Moers*, 104 S.W.3d 609, 611 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

The test for legal sufficiency is "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller*, 168 S.W.3d at 827. In making this determination, we credit favorable evidence if a reasonable fact-finder could, and disregard contrary evidence unless a reasonable fact-finder could not. *Id.* If the evidence falls within the zone of reasonable disagreement, then we may not substitute our judgment for that of the fact-finder. *Id.* at 822. The fact-finder is the sole judge of the credibility of the witnesses and the weight to give their testimony. *Id.* at 819.

*Contract Performance, Breach, and Damages*

Pearce first challenges the legal and factual sufficiency of the evidence to support the trial court's findings that Magnetiks performed under the contract. The contract required that Magnetiks provide consulting services to Pearce and design a website for "users to come and post ads to advertise renting, selling, and buying products." The contract further provided that either party could terminate the contract with thirty days' notice in writing.

Although Pearce and her expert testified that the website was incomplete, the trial court heard some evidence that Magnetiks worked on the website until Pearce terminated the contract. Wesley Padgett, the owner of Magnetiks, testified that the website was almost finished and users could post listings. Pearce's expert agreed that the website was partially completed and functioned as a listing service. The record contains screenshots of pages of the website demonstrating its functionality. Extensive electronic correspondence between Pearce and Magnetiks demonstrates that Magnetiks advised Pearce about the website and her proposed business until Pearce terminated the contract. The trial court reasonably could have found that Magnetiks worked on the website and provided consulting services until Pearce terminated the contract. *See City of Keller*, 168 S.W.3d at 819. We therefore hold that sufficient evidence exists to support the trial court's finding that Magnetiks performed under the contract. *See id.* at 827.

Pearce next challenges the trial court's finding that Pearce breached the contract by failing to pay $3,339.95 for work completed by Magnetiks, before she terminated the contract. The trier of fact is given broad discretion to award damages within the range of evidence presented at trial. *Duggan v. Marshall*, 7 S.W.3d 888, 893 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (citing *City of Houston v. Harris Cnty. Outdoor Adver. Ass'n*, 879 S.W.2d 322, 334 (Tex. App.—Houston [14th Dist.] 1994, writ denied); *Potter v. GMP, L.L.C.*, 141 S.W.3d 698, 703 (Tex. App.—San Antonio 2004, pet. dism'd) (citing *Duggan*, 7 S.W.3d at 893). Evidence corresponding to the exact amount found by the trier of fact is not essential. *Powell Elec. Sys., Inc. v. Hewlett Packard Co.*, 356 S.W.3d 113, 126 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

The trial court reasonably could have concluded that Magnetiks performed some work on under the contract that went unpaid. The total value of the contract was $28,156.25. Pearce had paid $14,078.13 at the time she terminated the contract. Padgett testified that the website was basically complete. In contrast, Pearce testified that the website was not even halfway completed. The trial court was free to weigh the credibility of the witnesses and determine that Magnetiks had completed some work under the contract before Pearce terminated it, and that some amount was due under the contract at the time of its termination. *See City of Keller*, 168 S.W.3d at 827. The range of evidence presented to the trial court supports a

finding that Magnetiks completed work under the contract valued at more than $14,078.13, the amount Pearce had paid on deposit, but less than $28,156.25, the total value of the contract. Because the trial court's award falls within this range, we uphold the damages award. *Duggan*, 7 S.W.3d at 893; *see also Adams v. Petrade Int'l, Inc.*, 754 S.W.2d 696, 709–10 (Tex. App.—Houston [1st Dist.] 1988, writ denied) ("Neither are we permitted to disregard the jury's answers to the issues merely because the jury's reasoning in arriving at its figure may be unclear to us.").

Accordingly, we hold that the evidence was legally and factually sufficient to support the trial court's finding that Pearce breached the contract by failing to pay for $3,339.95 in work completed by Magnetiks before the termination. *See City of Keller*, 168 S.W.3d at 827; *Duggan*, 7 S.W.3d at 893.

## II.    Notice of Pearce's Counterclaims

Pearce further contends that the trial court erred in refusing to consider her counterclaims for fraud, breach of contract, and violations of the DTPA. We review a trial court's decision to strike or refusal to consider a pleading for an abuse of discretion. *See Chapin & Chapin Inc. v. Tex. Sand & Gravel Co.*, 844 S.W.2d 664, 665 (Tex. 1992); *Clade v. Larsen*, 838 S.W.2d 277, 280 (Tex. App.—Dallas 1992, writ denied). Absent a special exception, we construe the pleadings liberally in favor of the pleader. *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993).

Pleadings must give reasonable notice of the claims asserted. *SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 354 (Tex. 1995). We consider the pleading as a whole to determine the identity of the parties. *See Boyattia v. Hinojosa*, 18 S.W.3d 729, 733 (Tex. App.—Dallas 2000, pet denied); *Cox v. Union Oil Co. of Cal.*, 917 S.W.2d 524, 526 (Tex. App.—Beaumont 1996, no writ). A pleading sufficiently identifies the parties if, taken as a whole, it sets forth their names anywhere in the pleading. *Boyattia*, 18 S.W.3d at 733; *Cox*, 917 S.W.2d at 526. Magnetiks did not specially except to Pearce's pleading.

The trial court refused to consider counterclaims asserted in Pearce's supplemental pleading, and it did not permit Pearce to present evidence in support of her counterclaims. The trial court relied on the preamble of Pearce's supplemental answer containing the counterclaims to find that Leasebarn, not Pearce, asserted them. The preamble asserts: "Plaintiff/counter defendant Magnetiks Search Marketing, LLC ('Magnetiks' or 'plaintiff') and Defendant Leasebarn, LLC, incorrectly sued as Sanna Leigh Pearce, Individually and d/b/a Leasebarn.com ('Leasebarn'), files the following counterclaims against plaintiff." We look to the pleading as a whole to determine the pleader. *See Boyattia*, 18 S.W.3d at 733; *Cox*, 917 S.W.2d at 526. Because Magnetiks filed no special exceptions, we construe the pleadings liberally in favor of Pearce. *See Boyles*, 855 S.W.2d at 601.

Pearce's attorney filed the counterclaims. Pearce is listed as the sole defendant in the caption of the pleading. The claims are described as counterclaims multiple times in the pleading, as well as in the title, further indicating that Pearce, the only person against whom Magnetiks had asserted claims, was asserting the counterclaims. Both parties continually referred to Pearce as Leasebarn in their pleadings, and the counterclaim pleading describes Leasebarn as the party asserting the counterclaims. Magnetiks later refers to the counterclaims as "Defendant's counterclaims" when it moved for a continuance, indicating that Magnetiks had notice that Pearce, the sole defendant, asserted the counterclaims. A flawed substituted party does not render the remainder of the allegations in the pleading void if we can determine the party actually asserting the claims. *See Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 54 (Tex. 2003) (holding substitution of separate but related entity for plaintiff in plaintiff's supplemental pleading was improper, but it did not render following factual allegations void). We conclude that the Pearce's pleading gave Magnetiks reasonable notice that Pearce was asserting counterclaims. *See Boyattia*, 18 S.W.3d at 733; *Cox*, 917 S.W.2d at 526. We sustain Pearce's challenge to the striking of her counterclaim.

## Conclusion

We hold that the trial court's breach of contract findings are supported by legally and factually sufficient evidence, but the trial court erred in denying Pearce the opportunity to present her counterclaims. We therefore reverse the judgment and remand for further proceedings consistent with this opinion.

Jane Bland
Justice

Panel consists of Justices Keyes, Higley, and, Bland.