Franchella BOYATTIA, Appellant,

v.

Michael HINOJOSA and the County of Dallas, Appellees.

No. 05–98–01012–CV.

Court of Appeals of Texas, Dallas.

Feb. 24, 2000.

----

Ronald D. Wren, Bedford, for appellant.

Jana Marie Prigmore, Dist.. Attys. Office, Civil Div., Dallas, for appellee.

Before Justices MORRIS, ROACH, and DODSON.[1]

## OPINION

Opinion By Justice MORRIS.

In this appeal, Franchella Boyattia challenges a summary judgment in favor of Michael Hinojosa and the County of Dallas on her claims against them arising out of an automobile accident. Hinojosa and the County moved for summary judgment asserting Boyattia's claims against the County were not actually filed within the limitations period and, further, that limitations barred her claims because she failed to use due diligence to achieve service of process. Hinojosa and the County also moved for summary judgment on the separate grounds that they were immune from liability and there was no evidence that Hinojosa's actions proximately caused Boyattia's damages. After examining the summary judgment evidence, we conclude the County is entitled to summary judg-

ment on the basis of limitations. We further conclude, however, that Hinojosa failed to show his entitlement to judgment as a matter of law on the issues of limitations and immunity. We also conclude Boyattia produced some evidence from which a jury could find that Hinojosa's actions proximately caused her damages. Accordingly, we affirm the trial court's judgment in part, reverse it in part, and remand the cause for further proceedings.

I.

At the time of the automobile collision giving rise to this lawsuit, the County of Dallas employed Michael Hinojosa as a deputy constable. As part of his duties, Hinojosa served citations and other court documents. On March 1, 1994, Hinojosa drove a county-owned car to the 9100 block of Forest Lane in Dallas and parked it in the far right lane, next to an apartment complex. Although the complex had a parking lot, Hinojosa chose not to use it. Hinojosa left the car and walked to the complex to serve a resident with court papers. The car did not have a police "light bar" on its roof, but Hinojosa testified he turned on the car's flashing hazard lights before he left.

When Hinojosa returned to the car, he got inside, started it, and switched off the hazard lights. Before he could take the car out of "park," he was struck from behind by a car driven by Wondrous Wimberly. Wimberly testified that she and Boyattia, who was a passenger in Wimberly's car, were traveling east in the right lane of Forest Lane on their way to lunch. According to Wimberly, the car immediately in front of her unexpectedly swerved to the left at which time she saw Hinojosa's car stopped in the road. She applied the brakes and tried to move out of the lane, but her efforts to avoid hitting Hinojosa's car failed. The bumper on the passenger side of Wimberly's car hit the back

1. The Honorable Carlton B. Dodson, Justice, Seventh Court of Appeals, Retired, sitting by assignment.

of Hinojosa's car. Boyattia allegedly injured her knee and neck in the collision.

Boyattia sued to recover damages for her alleged injuries. The style of her original petition listed Wimberly, Hinojosa, and the County of Dallas as defendants. The petition's opening paragraph, however, stated that Boyattia was bringing her claims against Wimberly, Hinojosa, and the *City* of Dallas. The petition went on to list the City of Dallas as a party and named the city attorney as the agent for service of process. The remainder of the original petition alleged and described specific claims against the *County* of Dallas, Wimberly, and Hinojosa. No claims were alleged specifically against the City of Dallas.

Boyattia filed her original petition on February 29, 1996, one day before the limitations period on her claims would have run. Citations on Wimberly, Hinojosa, and the County were issued the same day. The clerk's office did not deliver Hinojosa's citation to a constable for service until March 12, 1996. For reasons unexplained in the summary judgment record, the clerk did not deliver the County's citation to a constable until May 31, three months after the citation was issued. The record does not indicate when citation on Wimberly was delivered, but does show that Wimberly was served on March 23. Hinojosa was served on March 13. The County's citation was first served on June 3, 1996, but it was served on the Dallas city attorney.

After receiving a copy of the petition and citation, the Dallas city attorney's office called Boyattia's attorney to inform him that the City's agent had been served rather than the County's. As a result, Boyattia filed an amended petition on June 10, 1996, eliminating all references to the City and naming the Dallas County District Attorney's office as the agent for service on the County. The district attorney's office, however, would not accept service on behalf of the County. Upon learning this, Boyattia filed a second amended petition naming the Dallas County Judge

as the agent for service. The clerk issued citation for the second amended petition on July 1, 1996 and delivered it to the constable on July 2. Service on the County was finally achieved on July 11.

In May 1997, the trial court signed an agreed order dismissing the claims against Wimberly. The County and Hinojosa moved jointly for summary judgment on Boyattia's claims against them, arguing the claims were barred by the two year statute of limitations. They further argued that they were entitled to the protections of sovereign and official immunity respectively. Finally, they argued there was no evidence from which a jury could conclude that Hinojosa's negligence, if any, was a proximate cause of Boyattia's injuries. On May 20, 1997, the trial court signed an order granting the motion without stating the grounds upon which it relied. This appeal ensued.

## II.

In her appeal, Boyattia argues that none of the grounds for summary judgment asserted by the County and Hinojosa was established as a matter of law. She first challenges the assertion that her claims are barred by the statute of limitations.

■ It is undisputed that Boyattia filed her original petition one day before the limitations period on her claims would have run. The County argues that Boyattia's original petition was insufficient to bring suit against it because it mistakenly named the *City* of Dallas in the opening paragraph as well as in the portion of the petition listing the parties and their agents for service. The County contends these mistakes are tantamount to a "misidentification" of the defendant and, therefore, the County was not actually sued when Boyattia filed her original petition.

■ A "misidentification" occurs when a plaintiff is mistaken with respect to which of two defendants is the correct one and the wrong party is sued. *Enserch Corp. v. Parker*, 794 S.W.2d 2, 5 (Tex.1990). When

a plaintiff misidentifies a defendant in a petition, the limitations period is not tolled and later amendments to add the correct defendant will not relate back to the original filing. *Id.* In this case, however, there was no misidentification. Boyattia was never mistaken about the identity of the party she intended to sue. In numerous paragraphs of her original petition, Boyattia alleged specific causes of action against the County. Boyattia made no allegations against the City of Dallas other than naming it in the petition's opening paragraph.

■ The general rule is that, in the absence of special exceptions, a petition will be construed liberally in favor of the pleader. *Roark v. Allen,* 633 S.W.2d 804, 809 (Tex.1982). The petition as a whole must be considered in determining who is being sued. *See Cox v. Union Oil Co.,* 917 S.W.2d 524, 526 (Tex.App.-Beaumont 1996, no writ). Boyattia's petition names the County as a defendant by naming it in the style of the case and alleging causes of action against it in the body of the pleading. *See Hall v. Johnson,* 40 S.W. 46, 47 (Tex.Civ.App.1897, no writ) (party named only in style of case and referred to as "defendant" in body of pleading was sufficiently designated). Although the petition omits the County from the listing of parties, this omission does not change the fact that the portions of the pleading that refer specifically to the County allege causes of action against it as a party defendant. *See id.* Considering Boyattia's petition as a whole, we conclude Boyattia filed her suit against the County within the limitations period.

■ The mere filing of a lawsuit, however, is not sufficient to meet the requirements of bringing suit within the limitations period. To "bring suit," a plaintiff must both file her action *and* have the defendant served with process. *Broom v. MacMaster,* 992 S.W.2d 659, 664 (Tex. App.-Dallas 1999, no pet. h.). When a plaintiff does not serve the defendant until after the limitations period runs, the date of service relates back to the date suit was filed only if the plaintiff exercises diligence in effecting service. *Id.* The duty to exercise diligence continues until service of process is achieved. *Id.*

■ Both the County and Hinojosa contend there is no record of Boyattia using diligence to achieve service on them. As movants for summary judgment, the County and Hinojosa bore the burden of negating diligence as a matter of law. *See id.; Perry v. Kroger Stores Store No. 119,* 741 S.W.2d 533, 534 (Tex.App.-Dallas 1987, no writ). Texas courts have consistently held that lack of diligence may be shown based on unexplained lapses of time between the filing of the suit, issuance of the citation, and service of process. *Li v. University of Tex. Health Science Ctr.,* 984 S.W.2d 647, 652 (Tex.App.-Houston [14th Dist.] 1998, pet. denied).

The summary judgment record in this case shows the County was not served with process until approximately four months after suit was filed. There appears to be no dispute that Boyattia requested the clerk to issue a citation for the County at the time she filed her original petition. It is also undisputed that Boyattia directed the County's citation to be delivered to the constable for service at the same time. Although the County's citation was issued on the day the petition was filed, the clerk delayed three months before delivering it to the constable for service. There is no explanation of why the delay occurred. We must decide to what extent the clerk's unexplained three month delay impacts Boyattia's duty to use diligence to effect service.

■ Under rule 99 of the Texas Rules of Civil Procedure, it is the duty of the clerk both to issue citations and deliver them as directed by the party requesting issuance. *See* Tex.R. Civ. P. 99(a).[2] The

---

**2.** Rule 99(a) states that "[u]pon the filing of the petition, the clerk, when requested, shall forthwith issue a citation and deliver the citation as directed by the requesting party. The party requesting citation shall be responsible for obtaining service of the citation and a copy of the petition."

clerk does not complete his duty under the rule until he delivers the citations as directed. *Cf. Aguilar v. Stone,* 901 S.W.2d 955, 955 (Tex.App.-Houston [1st Dist.] 1995, orig. proceeding). A party may ordinarily rely on the clerk to perform his duty within a reasonable time. *See Wood v. Gulf, C. & S.F. Ry. Co.,* 15 Tex.Civ.App. 322, 326, 40 S.W. 24, 26 (1897, no writ). But when a party learns, or by the exercise of diligence should have learned, that the clerk has failed to fulfill his duty under rule 99, it is incumbent upon the party to ensure that the job is done. *See Buie v. Couch,* 126 S.W.2d 565, 566 (Tex.Civ.App.-Waco 1939, writ ref'd).

Although a party may ordinarily rely on the clerk to perform his duty within a reasonable amount of time, an unexplained three-month delay is not a reasonable time for the clerk to deliver a citation as directed by a party. Therefore, we conclude Boyattia should have known the clerk was not fulfilling his duty to deliver the County's citation within a reasonable time. Boyattia was thus obligated to make an effort to ensure that delivery was accomplished. *See id.* Yet, there is no evidence Boyattia made any attempts to ensure delivery. The summary judgment record contains a lengthy affidavit by Boyattia's attorney in which he testifies about the diligence used to achieve service on the defendants. Although counsel gives a detailed explanation of his actions during the month after the County's original citation was delivered and erroneously served on the city attorney, there is no mention of any action taken during the three-month period the County's citation remained with the clerk.

We recognize that parties have limited control over the actions of a district or county clerk. Indeed, a party may be vigilant and vigorous in urging the clerk to issue and deliver a citation to no avail. Thus, when the clerk delays in issuing or delivering a citation, the passage of time alone is not itself controlling on the issue of a party's diligence. Instead, in determining the issue of diligence, we look to whether a party's actions manifest a "bona fide intention" to have process served. *See Broom,* 992 S.W.2d at 664. A party who wholly ignores her duty to have the citation served on the defendant during a lengthy period of time the citation remains with the clerk does not manifest a bona fide intention to have process served. We conclude Boyattia's failure to act during the clerk's three-month delay constitutes a lack of diligence as a matter of law. *See Holt v. D'Hanis State Bank,* 993 S.W.2d 237, 241 (Tex.App.-San Antonio 1999, no pet.) (unexplained three-month delay is lack of diligence as a matter of law). The date of service on the County does not relate back to the date Boyattia filed her suit. *See Broom,* 992 S.W.2d at 664. Accordingly, summary judgment in favor of the County is proper by virtue of the application of the statute of limitations.

In contrast, Hinojosa's argument that Boyattia failed to use diligence in obtaining service on him is not well taken. The summary judgment record shows that Hinojosa was served two weeks after suit was filed. For all but one day of that time period, the citation remained with the clerk. Two weeks is not an unreasonable amount of time to allow a clerk to perform his duties under the rule. Accordingly, there was no inaction by the clerk that Boyattia was obligated to recognize and act upon to correct. *See Allen v. Masterson,* 49 S.W.2d 855, 856 (Tex.Civ.App.Galveston 1932, writ ref'd). Because there was no delay in his service, Hinojosa is not entitled to summary judgment on the basis of the statute of limitations.

Hinojosa also moved for summary judgment on the ground that he was protected from liability under the doctrine of official immunity. To be entitled to official immunity, Hinojosa was required to show the claims against him arose out of his performance of a discretionary duty, done in good faith, and within the scope of his authority. *Smith v. Davis,* 999 S.W.2d 409, 413 (Tex.App.-Dallas 1999, no pet.). Hinojosa argues that the accident occurred in the course of his serving court docu-

ments and the manner in which he chose to attempt service was discretionary. We do not agree with Hinojosa's characterization of the actions that gave rise to the accident. The accident did not occur as a result of the manner in which Hinojosa chose to serve court papers. Instead, it arose out of the manner in which he chose to park his county-owned car.

This Court has held previously that the operation of a car in a nonemergency situation is a ministerial function not subject to the protections of official immunity. *See Victory v. Faradineh,* 993 S.W.2d 778, 780 (Tex.App.-Dallas 1999, no pet.). There is nothing in the record to indicate, and Hinojosa does not argue, that his choice to park his car in the street was due to any sort of emergency. Because the accident in this case arose out of Hinojosa's operation of a motor vehicle in a nonemergency situation, he has not shown himself to be entitled to the protections of official immunity.

 Lastly, Hinojosa moved for summary judgment on the ground that there was no evidence to show he proximately caused the accident resulting in Boyattia's alleged injuries. A request for a "no-evidence" summary judgment is, in effect, a request for a pretrial directed verdict. *Moore v. K Mart Corp.,* 981 S.W.2d 266, 269 (Tex.App.-San Antonio 1998, pet. denied). We apply the same legal sufficiency standard in reviewing no-evidence summary judgments as we apply in reviewing directed verdicts. *See id.* We review the evidence in the light most favorable to the respondent and disregard all contrary evidence and inferences. *See id.* If the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact, a no-evidence summary judgment is improper. *Id.*

 Proximate cause consists of two elements: cause-in-fact and foreseeability. *Read v. Scott Fetzer Co.,* 990 S.W.2d 732, 737 (Tex.1998). Cause-in-fact requires proof that the defendant's act or omission was a substantial factor in bring-

ing about the injury and the injury would not have occurred but for the act or omission. *See Prudential Ins. Co. v. Jefferson Assocs., Ltd.,* 896 S.W.2d 156, 161 (Tex. 1995). An injury is foreseeable if a person of ordinary intelligence should have anticipated the danger created by his negligent act or omission. *Read,* 990 S.W.2d at 737. There can be more than one proximate cause of an injury, and all persons whose negligent conduct contributed to the injury are responsible for it. *Coleman v. Equitable Real Estate Inv. Management, Inc.,* 971 S.W.2d 611, 617 (Tex.App.-Dallas 1998, pet. denied).

In this case, Boyattia presented evidence Hinojosa parked his car in such a way that it blocked the right lane of a heavily traveled street during lunchtime when there was a great deal of traffic. In his deposition, Hinojosa gave no reason why he decided to park on the street instead of in the nearby parking lot. Hinojosa turned on the car's flashing hazard lights indicating he knew he should alert others traveling on the road to the presence of his car. Wimberly testified that as she was driving, the car immediately in front of her swerved quickly to avoid hitting Hinojosa's car. Wimberly also attempted to avoid hitting Hinojosa's car, but was unable to do so.

Based on this record, we conclude there is more than a scintilla of evidence to show that the manner in which Hinojosa chose to park his car was a substantial factor in bringing about Boyattia's injuries. Furthermore, we conclude there is more than a scintilla of evidence to show not only that a person of ordinary intelligence should have anticipated the danger created by the manner in which Hinojosa parked his car, but that Hinojosa realized his car posed a hazard to others. On the summary judgment record before us, Hinojosa is not entitled to a no-evidence summary judgment on the ground of lack of evidence of proximate cause.

We affirm the trial court's judgment with respect to the claims against Dallas

County. We reverse the trial court's judgment with respect to the claims against Michael Hinojosa and remand the cause for further proceedings.