Allen HARRELL and Shaffer Trucking,
Inc./Hector Alvarez and Raquel Alvarez, Appellants/Cross–Appellees,

v.

Hector ALVAREZ and Raquel Alvarez/Allen Harrell and Shaffer Trucking, Inc., Appellees/Cross–Appellants.

No. 08–00–00019–CV.

Court of Appeals of Texas,
El Paso.

May 17, 2001.

Steven L. Hughes, Mounce, Green, Myers, Safi & Galatzan, El Paso, for Appellants.

Walter L. Boyaki, El Paso, for Appellees.

Before BARAJAS, C.J., LARSEN, and CHEW, JJ.

## OPINION

LARSEN, Justice.

Defendants in this personal injury suit, truck driver Allen Harrell and his contractor Shaffer Trucking, appeal from the trial court's judgment awarding damages to plaintiffs Hector Alvarez and Raquel Alvarez. Defendants urge that the trial court erred in denying their motions for directed verdict and for judgment as a matter of law, both based on the running of limitations. In a cross-point, the Alvarezes contend that the trial court erred in excluding an admission by party opponent Shaffer. We affirm.

### FACTS

On November 23, 1994, the Alvarezes were rear-ended by Harrell, who was driving a commercial truck for which Shaffer had contracted. The Alvarezes filed a personal injury suit on November 15, 1996. Simultaneously they filed a motion for substituted service, asserting that despite diligent efforts, they could not locate Shaffer for personal service of citation, and asking that Shaffer be served through its insurance agent because all attempts at locating the company through the Secretary of State of Texas, the Secretary of State of Nebraska, and the Texas Department of Transportation had failed. The El Paso district clerk issued citations for both defendants on December 5, 1996. Both Harrell and Shaffer were served by certified mail on December 10, 1996;[1] Harrell in Missouri, and Shaffer in Pennsylvania. Shaffer and Harrell filed answers, asserting that the Alvarezes' claims were barred by limitations.

At trial, Shaffer and Harrell asserted the affirmative defense of statute of limitations, placing into evidence the citations illustrating that service was made on December 10, 1996, after the statute of limitations had expired. In rebuttal, the Alvarezes presented their motion for substituted service with affidavit. The jury charge did not contain a question on the issue of due diligence. The trial court overruled Harrell's and Shaffer's motion for a directed verdict on the limitations ground. The jury returned with a verdict finding Harrell 51 percent negligent and Alvarez 49 percent negligent, and assessing damages at $5,300.

---

1. Apparently, substituted service on Shaffer proved unnecessary after all.

After verdict, Harrell and Shaffer filed their motion for judgment as a matter of law, asserting that they were entitled to judgment because the Alvarezes neither requested a jury question on due diligence in serving citation, nor established due diligence as a matter of law, one of which was required if service was to relate back to the date plaintiffs' petition was filed. The trial court denied Harrell's and Shaffer's motion and entered judgment in accordance with the jury's conclusions.

## Due diligence in serving citation conclusively established

In their sole issue on appeal, Harrell and Shaffer contend that the trial court erred in failing to grant their motions for directed verdict and for judgment as a matter of law because: (1) they established that the Alvarezes' claims were barred by the statute of limitations as they were not served with citation until after limitations had run; (2) the Alvarezes did not conclusively establish due diligence in effecting service; and (3) the Alvarezes failed to request a jury question on due diligence.

█ Clearly if there was a fact issue on the question of due diligence, it was plaintiffs's burden to obtain favorable findings.[2] The Alvarezes did not request or obtain such a finding from the jury. Nevertheless, the trial court expressly found that the Alvarezes used due diligence in effecting service. In its judgment, the trial court stated in pertinent part:

At that conclusion of the evidence, the Defendants moved for a directed verdict on the issue of limitations defense. The Court, having considered the motion found as a matter of law that the defense was not sufficient and overruled the motion and ruled in favor of the Plaintiffs for the reason that the evidence established that the service of process was properly issued and the defense failed as a matter of law. The questions of limitations was not submitted to the jury.

Thus, we must determine whether the trial court correctly determined that due diligence in service of citation had been conclusively established.

█ To bring suit within the two-year limitations period prescribed by the Texas Civil Practice and Remedies Code Section 16.003, plaintiffs must not only file suit within two years, but must also use diligence in having defendants served with process.[3] When, as here, plaintiffs file a petition within the limitations period, but do not serve defendants until after the statutory period has expired, the date of service relates back to the date of filing if the plaintiff exercises diligence in effecting service.[4]

█ A defendant relying upon the affirmative defense of limitations has the burden of establishing that defense.[5] Here, defendants were required to show that they were not served until after the two-year statute of limitations had run (which they undeniably proved). The burden then shifted to plaintiffs to show that

---

2. Cf. Woods v. William M. Mercer, Inc., 769 S.W.2d 515, 517 (Tex.1988) (once defendant raised limitations, plaintiff had burden of proving discovery rule and obtaining favorable finding).

3. Gant v. DeLeon, 786 S.W.2d 259, 260 (Tex. 1990); Eichel v. Ullah, 831 S.W.2d 42, 43 (Tex.App.—El Paso 1992, no writ).

4. See Edwards v. Kaye, 9 S.W.3d 310, 315 (Tex.App.—Houston [14th Dist.] 1999, pet. denied).

5. KPMG Peat Marwick v. Harrison County Housing Finance Corp., 988 S.W.2d 746, 748 (Tex.1999).

they used due diligence in effectuating service.[6] Although due diligence is generally a fact question,[7] it is frequently determined to be lacking, as a matter of law, if no excuse is offered for a delay in procuring service of citation, or if delay coupled with plaintiff's inaction conclusively negate diligence.[8] In like manner, we believe a showing of speedy service of citation, without any unexplained lapses of time, may establish diligence as a matter of law.

▇▇▇ We therefore come to an examination of the facts here establishing due diligence. The Alvarezes filed their petition on November 15, 1996. With the petition, they filed a motion for substituted service on Shaffer, preparing to take alternative action if traditional service methods failed. The clerk issued citation on December 5, less than three weeks later, which three weeks included the Thanksgiving holiday. We note that it is the duty of the clerk to issue and deliver citations.[9] The clerk does not complete that duty until the citations are delivered as directed.[10] A party may ordinarily rely on the clerk to perform that duty within a reasonable time.[11] One court has held that, while a three month delay is unreasonable and will trigger plaintiff's duty to ensure that delivery of citation is accomplished, two weeks is not an unreasonable amount of time to allow a clerk to perform duties under the rule.[12] We agree that the clerk must be given a reasonable time to fulfill her obligations under Tex.R. Civ. P. 99, and that a delay of three weeks in issuing citation, which included a holiday, did not entail any inaction by the clerk obligating plaintiffs' recognition and correction. Thus, the period between November 15 and December 5 does not include any unexplained lapses in diligence.

Citation was served on both defendants on December 10, only five days after citation issued, twenty-five days after plaintiffs filed their petition, and merely fifteen days after limitations expired.[13] Taking together this remarkably prompt service on non-resident defendants, considering that plaintiffs were prepared to obtain substituted service at the time they filed their petition, noting that the clerk did not exceed a reasonable time in issuing citation, and mindful that the time between filing and service included the Thanksgiving holiday, we find no error in the trial court's conclusion that the Alvarezes exercised due diligence in service of citation as a matter of law. Accordingly, we cannot say that the trial court erred in entering judgment for plaintiffs. Harrell and Shaffer's sole issue is overruled.

### Appellees' Counterpoint: Admission by Party Opponent

▇▇▇ In a single counterpoint, the Alvarezes assert that the trial court abused its

---

6. *Zale Corp. v. Rosenbaum,* 520 S.W.2d 889, 890 (Tex.1975); *Eichel,* 831 S.W.2d at 43.

7. *See Eichel,* 831 S.W.2d at 43.

8. *See Gant,* 786 S.W.2d at 260 (unexplained delay of 38 months); *Boyattia v. Hinojosa,* 18 S.W.3d 729, 733 (Tex.App.—Dallas 2000, pet. denied) (unexplained delay of three months); *Li v. University of Texas Health Science Center,* 984 S.W.2d 647, 652 (Tex.App.—Houston [14th Dist.] 1998, pet. denied) (unexplained delay of four months); *Eichel,* 831 S.W.2d at 43 (unexplained delay of nine months).

9. Tex.R. Civ. P. 99; *Boyattia,* 18 S.W.3d at 733.

10. *See Boyattia,* 18 S.W.3d at 733–34.

11. *See id.* at 734.

12. *Id.*

13. The two-year anniversary of the accident, November 23, 1996, was a Saturday. Thus, the petition had to be filed by Monday, November 25, 1996, the first day following that was not a Saturday, Sunday, or legal holiday. Tex.R. Civ. P. 4.

discretion in excluding Shaffer's admission against interest in the form of deposition testimony by Shaffer's representative that Shaffer assessed "points" against Harrell for being involved in a preventable accident.

Assuming without deciding that the trial court erred in not allowing this testimony, the Alvarezes have still made no showing of harm. Texas Rule of Appellate Procedure 44.1 provides that in a civil case, "[n]o judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of probably caused the rendition of an improper judgment."[14] Here, the Alvarezes merely add in their brief a conclusory statement that the testimony "would have materially affected the outcome of the liability issue;" however, they provide no explanation of *how* the effect would have been material, especially in light of the jury finding that Harrell was 51 percent negligent. We do not see how the exclusion of this evidence probably caused rendition of an improper verdict, as the excluded testimony apparently constituted Shaffer's opinion that Harrell had been negligent, the same conclusion reached by the jury. There is no showing that the outcome would have been altered by Shaffer's admission. Absent a showing of reversible harm, we cannot say that the trial court abused its discretion in excluding this evidence. The cross-point is overruled.

## CONCLUSION

We affirm the trial court's judgment.

---

14. TEX.R.APP. P. 44.1(a)(1).