COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

                                                                              )

                                                                              )              No.  08-02-00154-CV

                                                                              )

                                                                              )                 Appeal from the

                                                                              )

IN THE MATTER OF THE ESTATE
OF             )                 Probate Court
#2

AMANDA SWANSON, DECEASED                 )

                                                                              )          
of Dallas County, Texas

                                                                              )

                                                                              )              
(TC# 97-2606-P2)

                                                                              )

 

O
P I N I O N

 

This is an appeal
from a judgment granting a no-evidence summary judgment.  The facts are these:  The Appellant, Mattie Murphy, is the sister
of the decedent, Amanda Swanson; Ms. Swanson died in August 1996, at the
age of 101; in July 1997, the Appellee, Booker T.
Mayes, filed an application to probate a document purporting to be Ms. Swanson=s 1990 will; and it was admitted into
probate by muniment of title by order of the trial
court dated September 10, 1997.

Ms. Murphy claims
that she discovered the order admitting the will to probate in March 1998, and
she filed suit on September 10, 1999 to contest the validity of the will as an
interested party, claiming inter alia that her
sister=s
signature was forged, that her sister lacked mental and testamentary capacity,
and that Mr. Mayes had exerted undue influence over her sister.  








Mr. Mayes filed a
general denial, and in September 2001, filed a motion for no-evidence summary
judgment.  The motion stated:  that there was no evidence that the decedent=s signature was forged; that there was
no evidence that she lacked the necessary mental or testamentary capacity when
she executed the will in September 1990; that there was no evidence that there
was any undue influence exerted against her; and finally that the claim was
barred by the 

two-year
statute of limitations.  

Ms. Murphy filed a
response but did not object to the global nature of Mr. Mayes= motion.  She produced two affidavits, one from herself
and the other from a notary public who attempted to take the deposition of the
notary public who notarized the purported will. 
Her affidavit attests that she did not receive any notice that the
application to probate her sister=s
will had been filed and that she only discovered the application and the order
admitting the will to probate in March 1998. 
She averred that she was familiar with her sister=s
signature and the signature on the purported will was not her sister=s signature.  She also stated that her sister was not in
good health and was, at times, mentally incompetent and would not recognize her
or remember other family members.  Ms. Murphy
also stated that her sister was totally dependent upon the Mayes and that they
effectively took over her sister=s
home, tried to place Ms. Swanson in a nursing home on several occasions, and
prevented the sisters from visiting or talking with one another.  The second affidavit evidenced that the
notary public who notarized the purported will did not have any entry in his
Notary Public Record Book for any of the signatories to the contested will or
any record pertaining to Ms. Swanson.  It
does not appear from that record that there was any reply by the Appellee to negate or object to the Appellant=s response. 

                                                              Standard
of Review








Under the Ano‑evidence summary judgment@ rule, the movant
may move for summary judgment if, after adequate time for discovery, there is
no evidence of one or more essential elements of a claim or defense on which
the nonmovant would have the burden of proof at
trial.  See Tex.R.Civ.P. 166a(i).  The motion must
state the elements as to which there is no evidence and the reviewing court
must grant the motion unless the nonmovant produces
summary judgment evidence raising a genuine issue of material fact.  See id. 
Under the no evidence summary judgment standard, the party with the
burden of proof at trial will have the same burden of proof in a summary
judgment proceeding.  See, e.g., Esco Oil & Gas, Inc. v. Sooner Pipe & Supply Corp.,
962 S.W.2d 193, 197 n.3 (Tex.App.--Houston [1st
Dist.] 1998, pet. denied) (commenting that under Rule 166a(i)
Athe plaintiff as the nonmovant [has] the burden to raise a triable
issue on each element essential to the plaintiff=s
case against each defendant.@).








A no‑evidence
summary judgment is essentially a pretrial directed verdict, and we apply the
same legal sufficiency standard in reviewing a no‑evidence summary
judgment as we apply in reviewing a directed verdict.  Marsaglia v.
University of Texas, El Paso, 22 S.W.3d 1, 3-4 (Tex.App.--El Paso 1999, pet. denied); see also Hon.
David Hittner & Lynne Liberato,
Summary Judgments in Texas, 34 Hous.L.Rev. 1303, 1356 (1998).  A no‑evidence summary judgment is
properly granted if the nonmovant fails to bring
forth more than a scintilla of probative evidence to raise a genuine issue of
material fact as to an essential element of the nonmovant=s claim on which the nonmovant would have the burden of proof at trial.  See Tex.R.Civ.P. 166a(i); Merrell Dow Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997), cert.
denied, 523 U.S. 1119, 118 S.Ct. 1799, 140
L.Ed.2d 939 (1998).  If the evidence
supporting a finding rises to a level that would enable reasonable, fair‑minded
persons to differ in their conclusions, then more than a scintilla of evidence
exists.  Havner,
953 S.W.2d at 711. 
Less than a scintilla of evidence exists when the evidence is Aso weak as to
do no more than create a mere surmise or suspicion@
of a fact, and the legal effect is that there is no evidence.  Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983).

In her first
issue, Ms. Murphy argues for the first time that the no-evidence summary
judgment motion was insufficient to meet the specificity requirements of the
rule because it contains merely conclusory statements
negating her causes of action.  Mr. Mayes
replies that because the Appellant failed to raise this objection with the
trial court, she has waived it for review. 
He cites this Court=s
opinion in Walton v. Phillips Petroleum Co., 65 S.W.3d 262, 268 (Tex.App--El Paso 2001, pet. denied)(hereafter
referred to as Walton II).[1]  In that case, a majority of the panel, held
that an objection that a no-evidence summary judgment motion failed to comply
with Tex.R.Civ.P. 166a(i) was
waived if not raised in the trial court and relied on Walton v. City of
Midland, 24 S.W.3d 853, 857 (Tex.App.--El Paso
2000, no pet.)(hereafter referred to as Walton I).  In Walton II, Justice Larsen filed a
concurring opinion where she changed her opinion to disagree with the waiver
issue in Walton I stating:

I have concluded that a no-evidence
motion for summary judgment, just as a motion for summary judgment under the
traditional rule, must stand on its own merits, and that a motion under Tex.R.Civ.P. 166a(i) that is conclusory or that
does not set out specifically the elements it challenges is [sic] may be challenged
for the first time on appeal.

 

She cited Callaghan Ranch, Ltd.
v. Killam, 53 S.W.3d 1, 3 (Tex.App.--San
Antonio 2000, pet. denied) and Cuyler v. Minns, 60 S.W. 3d 209, 212-14 (Tex.App.--Houston
[14th Dist.] 2001, pet. denied).








Though the
majority in Walton II followed Walton I, finding waiver, Justice
McClure did note her concern that other courts had reached the opposite
conclusion that it was not necessary to object in the trial court to a
deficient Rule 166a(i)
motion and she too pointed to the Callaghan and Cuyler
opinions.  Looking back at Walton I,
it seems apparent that we Atrapped@ ourselves and failed to properly
analyze the evidentiary issue presented by the no-evidence summary judgment
rule.  Lacking such intrinsic quality, we
now disavow our waiver holdings in the Walton cases, and join the San
Antonio and Houston Fourteenth Courts to hold that even if the nonmovant does not object or respond to a defective
no-evidence motion, if it is conclusory, general, or
does not state the elements for which there is no evidence, it cannot support
the judgment and may be challenged for the first time on appeal.  See Callaghan Ranch, Ltd., 53 S.W.3d
at 3-4; Cuyler, 60 S.W.3d at 212-14; see
also, Crocker v. Paulyne=s Nursing Home, Inc., 95 S.W.3d
416, 419 (Tex.App.--Dallas 2002, no pet.)(following San Antonio and Houston Fourteenth Courts to find
no waiver).

Turning
to the motion in the case before us. 
We agree with Ms. Murphy that the 

no-evidence
motion for summary judgment contains only global and conclusory
statements that there is no evidence: 
(1) that the will was forged; (2) that Ms. Swanson lacked the necessary
mental or testamentary capacity to make her will; or (3) that she was under the
undue influence of Mr. Mayes.  Rule 166a(i) clearly provides that the
motion cannot be conclusory or generally allege that
there is no evidence to support the claims. 
That is all that the Appellee did in this
case.  We sustain the first issue.








Even if we had
found that the motion was not defective, we sustain Issues Two, Three, and
Four, and find that Ms. Mayes presented some evidence, certainly more than a
scintilla, that defeats the Rule 166a(i) motion.  The
affidavit testimony by Ms. Swanson=s
sister that the signature on the purported will is not Ms. Swanson=s was unrebutted.  On appeal, Mr. Mayes argues that because
there are no specific details about time, place, and days that her affidavit is
evidentiarlly deficient.  We disagree. 
While there are conclusory statements in her
affidavit, there is certainly enough evidence, more than a scintilla, such that
reasonable and fair-minded people might differ in their conclusion.  Ms. Murphy unequivocally testified that she
knew her sister=s
signature, and that the signature on the will was not her sister=s. 
There is some testimony, unrebutted, that the
notary public who notarized and witnessed the execution of the will had no
record entry recording the notarization of the will.  This is at least some evidence from which a
reasonable inference could be drawn casting doubt on the validity of the
will.  The evidence with respect to
capacity and undue influence are less weighty; however, we still believe that
they are more than a scintilla of evidence.

In the last issue,
Mr. Murphy addresses the statute of limitations, which was included in the
no-evidence summary judgment motion.  A
defendant relying upon the affirmative defense of limitations has the burden of
establishing that defense.  Harrell v. Alvarez, 46 S.W.3d 483, 485 (Tex.App.--El
Paso 2001, no pet.).  Because that
was Mr. Mayes= burden,
he cannot raise the statute of limitations defense in a no-evidence summary
judgment motion which otherwise shifts the evidentiary burden.  We sustain Issue five.

Accordingly, we
reverse and remand for further proceedings. 

 

September
25, 2003

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.











[1]
She also cited Williams v. Bank One, Texas, N.A., 15 S.W.3d 110, 117 (Tex.App--Waco 1999, no pet.).