**AFFIRM in Part, REVERSE in Part, and REMAND; Opinion Filed February 13, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00030-CV

**AMANDA HERRERA AND ISAAC RODRIGUEZ, Appellant**
**V.**
**LESTER PRICE, DECEDENT, BY AND THROUGH MARSHA ANN PRICE, HIS HEIR,**
**Appellee**

**On Appeal from the 86th Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 92271-86**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pederson, and O'Neill[1]

Opinion by Justice O'Neill

Appellants Amanda Herrerra and Isaac Rodriguez appeal the trial court's order granting summary judgment to appellee Lester Price, Decedent, by and through Marsha Ann Price, his heir, declaring appellants' claims are barred by the statute of limitations and appellants did not demonstrate diligence in serving appellee. In two issues on appeal, appellants contend (1) the district court incorrectly determined appellant failed to use due diligence in effecting service on appellee such that the statute of limitations barred suit; and (2) the district court incorrectly

[1] The Hon. Michael J. O'Neill, Justice, Assigned

determined the individual claims of Isaac Rodriguez, a minor at the time of the accident, were also barred by limitations.

For the reasons stated below, we decide against appellants on their first issue. For the second issue, we decide in favor of appellants with regard to pain and suffering alleged by Rodriguez. Rodriguez was a minor when the initial cause of action occurred. The lawsuit was filed and service was properly rendered within two years of Rodriguez reaching the age of majority. Therefore, on Rodriguez's pain and suffering claims, we find limitations had not yet tolled. However, we decide against appellants on the remaining claims in issue two, as under Texas law the right to recover for (1) medical expenses and (2) property damage and loss of use incurred on behalf of a minor are causes of action belonging to the parents. Therefore, limitations for those claims are unrelated to Rodriguez reaching the age of majority. We remand the case in its entirety to the trial court for proceedings consistent with this opinion.

## I.     Factual and Procedural Context

In December 2014 Amanda Hererra, Individually and as Next Friend of Isaac Rodriguez, a Minor, filed suit against Lester Price and Affirmative Insurance. The suit alleged that on September 24, 2013 Herrera was driving her vehicle with her son Isaac as a passenger when the vehicle was hit from behind by Lester Price's vehicle. Appellants requested damages. A citation was issued to Price the day suit was filed. Next, in early February 2015, appellants attempted to serve Price by mailing a copy of the original petition to him by certified mail, return receipt requested. The citation was received and signed for two weeks later. However, it was signed by "Kerrie Gothard"[2] as an "agent" of Lester Price. The attempted service was ineffective and invalid.

---

[2] At the time of filing, Gothard was the girlfriend of Marsha Price's son. She was not legally authorized to accept service on Lester Price's behalf. *See* TEX. R. CIV. P. 107(11)(C).

One week later, Affirmative Insurance filed a Motion to Dismiss under Texas Rule of Civil Procedure 91. A hearing was set for the motion on March 12, 2015. On March 6, 2015 Plaintiffs filed their First Amended Petition, nonsuiting Affirmative Insurance from the case. Despite the nonsuit six days prior, Affirmative Insurance went forward with the March 12 hearing and obtained a signed dismissal order and an award of $1000 attorney's fees. The order did not state that claims against Price remained pending. On March 16, 2015, notice of the dismissal order was sent to Plaintiff's counsel at Morris Law Firm. At this time, both the Kaufman County District Clerk and Morris Law Firm closed their files on the case.

The Morris Law Firm's file remained closed for over a year. On March 24, 2016 the firm received a letter from one of Herrera and Rodriguez's medical providers inquiring about the status of this case. Micheal Thomas, a paralegal at the firm, examined the file and saw the dismissal order. In early April 2016, Thomas spoke with Robert Lamb, an outside attorney who "previously worked with Daniel Morris on other litigation files." Thomas asked Lamb to review the file "and let me know if anything could be done about the dismissal and award of $1,000 in attorney's fees." In late April 2017 Thomas advised Lamb that a motion should be filed to re-open the file and set aside the award of attorney's fees.

On May 6, 2016 Angela May began employment as an attorney with the Morris Firm. Within a week of her employment with the firm she was assigned Herrara and Rodriguez's file and told to prepare a motion to re-open the case. May and Lamb discussed preparing motions to re-open the file and set aside the attorney's fees award. In June 2016 Lamb emailed a form motion and order to May. May prepared the motions and orders, and Lamb approved them on September 19, 2016. May attempted to contact Cherie Batsel, counsel for Affirmative Insurance, multiple times. The two spoke on the phone on September 26, at which point Batsel told May she opposed the motions, was no longer handling the file, and Affirmative Insurance was in receivership. On

October 3, 2016 May finalized both motions and filed them with the court. A week later, she learned Lester Price is deceased. On November 21, 2016 a hearing was held on appellant's motion to administratively reopen the case and set aside the award of attorney's fees. The court granted the motions at the hearing and signed the orders the following day. Almost four months later, appellants filed a Second Amended Petition on March 15, 2017. Scire Facias is issued the following day. Eventually Marsha Ann Price is properly served on April 6, 2017. Appellee subsequently filed an answer and an amended answer, asserting statute of limitations as an affirmative defense. Appellee filed a motion for summary judgment on July 24, 2017. The motion alleged appellants' negligence claims were barred by the statute of limitations. Further, it contended appellants failed to use due diligence in serving citation. Appellant filed a response on September 11, 2017 and Appellee filed a reply on September 13, 2017. Appellant filed an objection to the reply on September 18, 2017. After a hearing, the trial court signed an order granting appellee's motion for summary judgment, finding claims were barred by the statute of limitations. Appellant filed a motion for a new trial and a notice of appeal to this court.

## II.    Summary Judgment

### a.  Standard of Review

An appellate court reviews a trial court's summary judgment de novo. *Travelers Ins. Co v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). A traditional summary judgment must show no genuine issue of a material fact exists and, therefore, the moving party is entitled to judgment as a matter of law. *Woodhaven Partners, Ltd. v. Shamoun & Norman, L.L.P.*, 422 S.W.3d 821, 831 (Tex. App.–Dallas 2014, no pet.) (citing TEX. R. CIV. P. 166A(C)). In conducting its review, the appellate court considers all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if a reasonable fact finder could and disregarding contrary evidence unless a reasonable factfinder could not. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d

572, 582 (Tex. 2006). For a defendant to prevail on a traditional motion for summary judgment, he must either disprove at least one element of the plaintiff's claim as a matter of law, or conclusively establish all elements of an affirmative defense. *See KPMG*, 988 S.W.2d at 748; *Woodhaven Partners,* 422 S.W.3d at 831. If the defendant meets his burden, the burden then shifts to the plaintiff to expressly present any grounds in avoidance of summary judgment and present any summary judgment proof necessary to raise a fact issue. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979); *KPMG*, 988 S.W. 2d at 748; *Woodhaven Partners*, 422 S.W.3d at 831.

### b. Diligence

Appellants contend they produced sufficient evidence to create a fact issue as to whether they exercised due diligence in serving Lester Price. Accordingly, appellants claim diligence can be shown by attempts at serving process on Lester Price as well as explanations for extended points of time in which no attempt at service of process is made. Appellants argue any lack of diligence may be excused by "clerical error, miscommunication, and inadvertence."

### i. Applicable Law

A personal injury lawsuit is governed by a two-year statute of limitations. See TEX. CIV. PRAC. & REM. CODE ANN § 16.003(A). However, the death of a person against whom or in whose favor there may be a cause of action suspends the running of an applicable statute of limitations for twelve months after the death. TEX. CIV. PRAC. & REM. CODE ANN. § 16.062. Merely filing a lawsuit is not sufficient to avoid the expiration of a statute of limitations. *See Boyattia v. Hinojosa*, 18 S.W.3d 729, 733 (Tex. App.—Dallas 2000, pet. denied). To "bring suit," a plaintiff must file his action and have the defendant served with process. *Id*. A timely filed suit will not interrupt the running of limitations unless the plaintiff exercises due diligence in the issuance and service of citation. *Murray v. San Jacinto Agency, Inc.* 800 S.W.2d 826, 830 (Tex. 1990). If service

is diligently effected after limitations has expired, the date of service will relate back to the date of filing the suit. *Gant v. DeLeon,* 786 S.W.2d 259, 260 (Tex. 1990); *see Boyattia*, 18 S.W.3d at 733. The duty to exercise diligence continues until service of process is achieved. *Id*. Whether a plaintiff exercised due diligence in obtaining the issuance and service of citation is usually a fact issue; however, if no excuse is offered for a delay in procuring service of citation, or if the lapse of time and the plaintiff's acts are such as conclusively negate diligence, a lack of diligence will be found as a matter of law. *Perry v. Kroger Stores*, 741 S.W.2d 533, 534 (Tex. App.—Dallas 1987, no writ). Texas courts have consistently held that lack of diligence may be shown based on unexplained lapses of time between the filing of the suit, issuance of the citation, and service of process. *See Boyattia*, 18 S.W.3d at 733. When a defendant has affirmatively pled the limitations defense and shown service was effected after the limitations period expired, the burden shifts to the plaintiff to explain the delay. It is then the plaintiff's burden to present evidence regarding the efforts that were made to serve the defendant. *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007). Diligence is determined by asking "whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served." *Id*. The question of diligence in effecting service is one of fact, and is determined by examining the time it took to secure citation, service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service. *Id*.

### ii. Application of Law to the Facts

In this case, the record reflects service was not properly rendered until after the statute of limitations ran. The motor vehicle accident at issue occurred and limitations began to run on September 24, 2013. Therefore, under traditional circumstances, limitations would have expired two years later, on September 24, 2015. However, Defendant Lester Price died on July 26, 2014, tolling limitations for twelve months. As a result, limitations did not expire until September 24,

2016. TEX. CIV. PRAC. & REM. CODE ANN. § 16.006(a). However, Marsha Ann Price was not properly served until April 6, 2017, well after limitations expired.

Thus, the burden shifted to appellants to provide an explanation for the delay. Appellants contend they produced sufficient evidence to create a fact issue as to whether they exercised due diligence in serving appellee. Accordingly, appellants claim this can be shown by attempts at serving process on Lester Price as well as explanations for extended points of time in which no attempt at service of process is made. Appellants argue a lack of diligence may be excused by "clerical error, miscommunication, and inadvertence." Upon examining the evidence, we disagree. Proper service was not effectuated until more than two years later, and appellants have not shown they acted diligently up until the time appellee was served. On the contrary, Appellant's case file was closed for over a year of the relevant period without any efforts made toward effectuating service, let alone efforts demonstrating diligence. Appellants contend their ineffective attempt to serve Lester Price by mail in February 2015 was "due to a clerical error and miscommunication." However, appellants' actions after the ineffective service do not demonstrate diligence. For example, there is no evidence in the record showing appellants attempted to verify service or that appellants filed a return receipt of service with the court. The record reflects that on March 24, 2016 the Morris Law Firm received a letter from one of appellants' medical providers inquiring about the status of the case. Only then did appellants begin reexamining the case. Almost an additional month passed before appellants determined motions should be filed to reopen the case and set aside the attorney's fees award. Moreover, as May's affidavit shows, she was assigned the case upon beginning work with the firm in early May 2016. However, the motions and orders were not filed until October 2016, almost five months later. Despite learning of Lester Price's death the week after filing and the court granting the orders to reopen the case and set aside fees, appellants do not file anything further or demonstrate any attempts to effectuate service until the middle of

March 2017 when they file their second amended petition and Scire Facias is issued. Marsha Price is not served until April 2017, well after September 24, 2016 when limitations expired.

Appellants rely on three cases from other Texas Courts of Appeals to support their claims of diligence, each of which is distinguishable from this one. First, appellants cite *Harrell v. Alvarez,* 46 S.W.3d 483, 486 (Tex. App.—El Paso 2001, no pet.). In *Harrell*, the plaintiffs filed suit within the limitations period and simultaneously filed a motion for substitute service, asserting that despite diligent efforts, they could not locate defendant for personal service of citation. *Id*. The court found that the clerk in *Harrell* took three weeks to issue the citation. *Id*. The court determined this delay was not unreasonable delay in light of the Thanksgiving holiday and that service of the out-of-state defendants was reasonably prompt. *Id*. In the present case, service was ineffectively rendered and no motion for substitute service was filed. Instead, appellee's estate was served more than two and a half years after the initiation of the lawsuit and more than six months after limitations ran.

Next, appellants cite *Hodge v. Smith*, 856 S.W.2d 212, 216 (Tex. App.—Houston [1st Dist.] 1993, writ denied). While the court in *Hodge* found a 27-month delay after limitations ran was not unreasonable, the plaintiff in that case made many efforts to request service, including requesting substitute service by publication. *Id*. Moreover, the plaintiff in that case had a card from the clerk's office indicating service by publication had been successful and merely continued to attempt to perfect service on the defendant to ensure the insurance company would be made aware of the lawsuit in order to offer a defense. *Id*. No such efforts were made in this case.

The final case appellants cite in support of their contention is *Valdez v. Charles Orsinger Buick Co.*, 715 S.W.2d 126, 128 (Tex. App.—Texarkana 1986, no writ). In *Valdez,* the court found a fact issue regarding due diligence when, according to normal practice under the circumstances of the case, counsel filed a petition and paid a service fee to the court to perfect service. Evidence

in *Valdez* showed counsel's secretary was cited a fee amount by the court clerk. He paid the cited amount, unaware it was only enough to cover citation for one of two defendants. *Id*. Upon learning service was not perfected and the citation fee to serve the second defendant had not been paid, he paid the fee. Service was perfected shortly thereafter. *Id*. Appellants in the present case did not rely on the court to serve citation and did not immediately effectuate service upon learning it had been improperly rendered. Based on the aforementioned evidence, we find the record shows appellants did not raise a fact issue on diligence or affirmatively establish due diligence as a matter of law.

### c. Pain and Suffering

### i. Applicable Law

In Texas, a minor has a well-defined common law cause of action to sue for injuries negligently inflicted by others. *Sax v. Votteler*, 648 S.W.2d 661, 666 (Tex. 1983) (Citing *Texas & P. Ry. Co. v. Morin,* 66 Tex. 225, 18 S.W. 503 (1886); *Houston & Great Northern R.R. Co. v. Miller,* 51 Tex. 270 (1879); *Fall v. Webber,* 47 S.W.2d 365 (Tex. Civ. App.—Dallas 1932, writ ref'd). A child's cause of action, however, is distinctly separate from the parent's right to recover damages for injuries to children. A child may recover damages for pain and suffering as well as other damages he may accrue after he reaches the age of majority. *Sax v. Votteler*, 648 S.W.2d at 666 (Tex. 1983), (citing *Texas & P. Ry. Co. v. Malone,* 15 Tex. Civ. App. 56, 38 S.W. 538, 539 (Tex.Civ.App.1896, writ ref'd)). For example, a child is entitled to recover loss of earning capacity, commencing upon the date of attaining majority or removal of disabilities. However, since the services and earnings of an unemancipated minor belong to his parents, an infant may not recover for diminution of his earning capacity during the period intervening between the injury and his attainment of majority. *Sax v. Votteler*, 648 S.W.2d at 666 (Tex. 1983). Under Texas law, limitations on a minor's claims are tolled until the minor reaches age of majority. TEX. CIV. PRAC.

& REM. CODE ANN. § 16.001(a)(1). Historically, in Texas, the right to recover for medical costs incurred on behalf of the minor is a cause of action belonging to the parents, unless such costs are a liability as to the minor's estate. *Sax v. Votteler*, 648 S.W.2d at 666 (Tex. 1983). (citing *Bering Mfg. Co. v. Peterson,* 28 Tex. Civ. App. 194, 67 S.W. 133, 135 (Tex. Civ. App.1902, writ dism'd)).

### d. Application of Law to the Facts

The original lawsuit in this case filed when Rodriguez was fifteen years old. As he was a minor, the statute of limitations on his claims for physical pain and mental anguish was tolled. It began to run on his eighteenth birthday, February 10, 2016. Suit was filed and service of process issued by April 6, 2017, less than two years after Rodriguez reached the age of majority. Therefore, we find that limitations had not yet tolled on Rodriguez's physical pain and mental anguish claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.001(a)(1). We reverse the order of summary judgment with respect to those claims only. However, we decide against appellants on the remaining claims in issue two, as the right to recovery on those claims belongs to the parents. *See Sax v. Votteler*, 648 S.W.2d at 666.

### III. Conclusion

Having addressed appellants' two issues, we affirm the trial court's granting of the traditional motion for summary judgment with respect to all claims, except for Isaac Rodriguez's claims as to pain and suffering. We reverse and remand Rodriguez's pain and suffering claims to the trial court.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE, ASSIGNED

180030F.P05

–10–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

AMANDA HERRERA AND ISAAC
RODRIGUEZ, Appellant

No. 05-18-00030-CV          V.

LESTER PRICE, DECEDENT, BY AND
THROUGH MARSHA ANN PRICE, HIS
HEIR, Appellee

On Appeal from the 86th Judicial District
Court, Kaufman County, Texas
Trial Court Cause No. 92271-86.
Opinion delivered by Justice O'Neill.
Justices Partida-Kipness and Pederson
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** the portion of the trial court's judgment on the pain and suffering claim of appellant Isaac Rodriguez. We **REMAND** this cause to the trial court for further proceedings as to that claim. In all other respects, the trial court's judgment is **AFFIRMED**. It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 13th day of February, 2019.