**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00201-CV**
_____

**PAMELA E. CARIAS, Appellant**

**V.**

**AMANDA KAY OWENS, Appellee**

**On Appeal from the 284th District Court**
**Montgomery County, Texas**
**Trial Cause No. 19-09-12505-CV**

## MEMORANDUM OPINION

Appellant Carias appealed from a take-nothing judgment as to her personal injury suit against Appellee Owens. In her appeal, Carias argues that the trial court erred in granting a directed verdict against her on the basis that she failed to exercise due diligence to effect service of process, and that the applicable statute of limitations therefore barred her claim. She further argues that the trial court erred in granting a directed verdict against her on the additional ground that she failed to

adduce any evidence causally linking her injuries to the accident in question. Finding no error in the trial court's directed verdict in Owens' favor, we affirm the trial court's judgment.

**Background**

On October 14, 2017, Carias and Owens were involved in a motor vehicle collision, and Carias allegedly was injured as a result of that event. Carias sued Owens, and for reasons that are not clear in the record, non-suited that case. On September 12, 2019, Carias again filed suit against Owens, but Owens was not served with process until November 4, 2019, after the expiration of the two-year statute of limitations applicable to her case. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a).[1] In her answer, Owens pleaded that Carias failed to exercise due diligence in effecting service, and that Carias' case therefore was time barred.

At trial, Carias testified to her injuries and treatment. She indicated that she had sustained no serious injuries either before this accident or afterward, and she consequently believed that all of her symptoms were due to that event. She did not testify about efforts to serve Owens.

---

[1] Section 16.003(a) of the Texas Civil Practice & Remedies Code states that "a person must bring suit for . . . personal injury . . . not later than two years after the day the cause of action accrues."

Carias' treating chiropractor, Sherry Durrett, also testified at trial, but due to an evidentiary ruling, she was allowed to testify only as a fact witness, rather than an expert. Accordingly, Durrett's testimony included only the information contained in her records and did not encompass the reasonableness or necessity of treatment, customary fees for the treatment rendered, or the alleged cause-and-effect relationship between the accident of October 14, 2017 and Carias' injuries.

Carias also called Owens to testify during Carias' case-in-chief. Carias' counsel questioned Owens about the accident, the resulting property damage, and the acts or omissions that may have caused the collision. Counsel did not ask Owens anything relevant to Carias' possible due diligence in obtaining service of process after the case was refiled on September 12, 2019.

After Carias rested her case, Owens sought, and the trial court granted, directed verdicts on the issues of limitations and causation.[2] As to Owens' statute of limitations defense, the trial court based its ruling on the complete absence of evidence that Carias exercised due diligence to serve Owens.

**Standard of Review**

We review directed verdicts using the same standard used to review a challenge asserting that legally insufficient evidence supports a judgment. *See City*

---

[2] The trial court also granted directed verdicts regarding Carias' disfigurement and future medical expenses; Carias did not object to those rulings; therefore, they are outside the scope of this appeal.

*of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005). When reviewing a directed verdict, we consider all the evidence in the light that is most favorable to the nonmovant, and we resolve all reasonable inferences that arise from the evidence admitted at the trial in the nonmovant's favor. *In re Estate of Sidransky*, 420 S.W.3d 90, 95 (Tex. App.—El Paso 2012, pet. denied) (citing *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003)).

**Analysis**

Texas law is clear: when a defendant is sued, but is not served within the applicable limitations period, and when the defendant pleads the limitations defense and demonstrates the untimeliness of service, it is the plaintiff's burden to show due diligence in serving the defendant. *See Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009). Where, as here, the trial record is silent as to any due diligence, the record shows the necessary due diligence is lacking, and a judgment in the defendant's favor is warranted. *See Cumpian v. Ventura*, No. 09-16-00277-CV, 2018 WL 651746, at *2 (Tex. App.—Beaumont Feb. 1, 2018, no pet.) (mem. op.) (stating that when a delay in service is not explained, there is a lack of due diligence as a matter of law). Applying these well-settled principles to the case before us, we conclude the trial court correctly granted a directed verdict in Owens' favor.

In the trial court and in this Court, Carias has argued that the precedent addressing this question should not apply to her case because much of the applicable

4

authority discusses the due diligence in the context of summary judgment proceedings as opposed to a directed verdict. She further observes that many of the cases involve more substantial delays in effectuating service than occurred in her case, and that the fifty-three days between filing and service constituted only a "minor delay" that would not prejudice Owens because Owens was aware of the lawsuit.

Carias' attempt to differentiate between summary judgments and directed verdicts is, for purposes of this case, a distinction without a difference. Either a summary judgment or a directed verdict may be proper when there is a complete lack of evidence of a fact vital to the plaintiff's case. *Compare Plunkett v. Conn. Gen. Life Ins. Co.*, 285 S.W.3d 106, 111-12 (Tex. App.—Dallas 2009, pet. denied) (affirming a summary judgment), *and Holley v. Hamilton Park United Methodist Church*, No. 05-98-02029-CV, 2001 WL 804498, at *1 (Tex. App.—Dallas July 18, 2001, pet. denied) (not designated for publication) (affirming a directed verdict granted following the close of the plaintiffs' case). Both procedures require the trial court to consider the evidence in the light most favorable to the non-movant. *Id.* Given the similarities between summary judgments and directed verdicts, there is no distinction that excuses Carias' failure to present evidence excusing her delay in serving Owens simply because the trial court's ruling resulted from a directed verdict

rather than a motion for summary judgment. *See King Ranch,* 118 S.W.3d at 750-51.

Carias' argument that the service delay was minimal and non-prejudicial is similarly unpersuasive because, as the trial court noted, "limitations is a bright line test[,]" and the only question to be considered was Carias' alleged diligence in obtaining service. The trial court was unable to consider nonexistent evidence of due diligence, and therefore had no other choice but to grant Owens' motion for a directed verdict on the limitations issue. Carias' reliance on *Harrell* is misplaced because the evidence before the trial court in that case included evidence of due diligence, and irrefutably established that most of the delay in serving the defendant was attributable to the clerk, not the plaintiffs. *See Harrell v. Alvarez*, 46 S.W.3d 483, 484-86 (Tex. App.—El Paso 2001, no pet.). Accordingly, *Harrell* does not support Carias' proposition that a fifty-three-day interval between filing and service constitutes is prima facie evidence that she was diligent in serving Owens.

Carias contends that she was denied an opportunity to present evidence of due diligence, but the record does not support her claim. Instead, the record shows that Carias did not try to introduce evidence of due diligence either by asking the trial court to allow her to reopen her case or by making an offer of proof. *See* Tex. R. Civ. P. 270; Tex. R. Evid. 103(a)(2); *see also Duncan v. Brown,* No. 09-17-00447-CV, 2019 WL 3330588, at **2-5 (Tex. App.—Beaumont July 25, 2019, no pet.) (mem.

op.) (in response to the defense motion for a directed verdict, the plaintiff requested and received permission to reopen his case; he then successfully presented evidence of his due diligence in serving the defendant after the expiration of the limitations period). Carias may not now complain of the alleged exclusion of evidence she never offered; therefore, she has failed to preserve this purported error for our review. *See Sutton v. Helwig*, No. 02-12-00525-CV, 2013 WL 6046533, at *4 (Tex. App.—Fort Worth Nov. 14, 2013, no pet.) (mem. op.); Tex. R. App. P. 33.1(a).

Even were we to assume Carias had timely presented the information in the process server's affidavit of May 13, 2021[3] to the trial court, she still would not have succeeded in showing she exercised due diligence. This affidavit reflects a total of only three attempts (including the final, successful, attempt) to serve Owens during the fifty-three days between the filing of the suit and November 4, 2019, the day Owens was finally served. *See Sharp v. Kroger Tex., L.P.,* 500 S.W.3d 117, 120 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (explaining that the time frame to be evaluated for due diligence begins when suit is filed, not when the limitations period ends). The affidavit does not indicate the dates of the two previous attempts at service, but instead merely states these attempts occurred in the early evening and nobody answered the door even though lights were on inside Owens' residence. This

---

[3] This affidavit was attached as Exhibit B to Carias' motion for new trial filed May 26, 2021.

affidavit also contains the conclusory statement that Owens "actively avoided service." This is but a conclusory statement that amounts to no evidence since the affidavit omits facts that would enable a reasonable trier of fact to find that Carias exercised due diligence in obtaining service on Owens. *See Horton v. Stovall*, No. 05-16-00744-CV, 2020 WL 7640042, at \*\*7-8 (Tex. App.—Dallas Dec. 23, 2020, no pet.) (mem. op.) (explaining that a conclusory affidavit is one that omits the factual basis underlying the opinion, and further explaining that a conclusory affidavit does not constitute evidence). Even had Carias asked to reopen the evidence and presented the affidavit, because it fails to offer any explanation for the delays between the dates when the process server attempted to obtain service, the trial court could not have determined that the process server made even a single effort to serve Owen before limitations expired or used due diligence to serve Owen after limitations expired.

Carias' remaining argument, that the trial court infringed upon her due process rights because it did not require Owens to present her case, and because she had no notice that Owens would rely on a limitations defense, lacks merit. Not only did Owens raise the limitations and lack of due diligence in her pleadings, thus affording Carias ample notice of her burden to show due diligence,[4] but Carias has cited no

---

[4] Owens filed her answer on November 18, 2019, over seventeen months before the April 28, 2021 trial; this answer appears to have been Owens' live pleading at the time of trial. Paragraph 4 of Owens' answer states that "Plaintiff's

8

applicable authority to support the proposition that the trial court lacked the authority to grant a directed verdict at the close of Carias' case. Contrary to Carias' argument, Rule 265 does not require a defendant to put on a case, but merely sets out the usual order of trial. Tex. R. Civ. P. 265; *Sutton*, 2013 WL 6046533, at \*6 (stating that "there is nothing in the rules of civil procedure that requires a defendant to put on evidence after a plaintiff's case.") Carias' initial appellate point is overruled.

## Conclusion

Because Carias failed to serve Owens before the applicable statute of limitations expired, and because she also presented no evidence of due diligence to effectuate service within that time, the trial court correctly found that Carias' case was barred by the two-year statute of limitations and granted a directed verdict for Owens. We therefore need not address Carias' second appellate argument. *See* Tex. R. App. P. 47.1. Accordingly, we affirm the trial court's judgment.

---

claim is barred by limitations. More specifically, Defendant asserts that Section 16.003 of the Texas Civil Practice & Remedies Code bars Plaintiff's claim in that the Plaintiff failed to use due diligence to serve Defendant with citation within the two-year limitation period provided by the statute. Plaintiff's lack of due diligence in procuring service upon Defendant has caused the statute of limitations to run." The unmistakable import of this language belies Carias' assertion that she had inadequate notice of Owens' limitations defense and the necessity of showing her own due diligence.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on August 12, 2022
Opinion Delivered September 8, 2022

Before Golemon, C.J., Kreger and Horton, JJ.